[Crim. No. 958. In Bank.—March 24, 1903.]

THE PEOPLE, Respondent, v. B. WARD, Appellant.

APPEAL—MOTION TO DIRECT PRINTING OF TRANSCRIPT.—Where an appeal is pending from an order directing a judgment to be entered *nunc pro tunc* as of a former date, and the bill of exceptions to that order has been settled and the transcript printed and filed, and that appeal will determine whether the case is ended or whether an appeal from the judgment is premature, this court will not grant a motion to compel the clerk of the. superior court to print a transcript upon appeal from the judgment.

MOTION for an order directing the clerk of the Superior Court forthwith to print a transcript upon appeal from a judgment of the Superior Court of the City and County of San Francisco. F. H. Dunne, Judge.

[1] 15 Am. St. Rep. 47.    [3] 80 Am. St. Rep. 138.
[2] 77 Am. St. Rep. 195.

The facts are stated in the opinion in this case, and in the case of *Ward* v. *Dunne,* 136 Cal. 19.

George D. Collins, for Appellant.

J. J. Lermen, for Respondent.

BEATTY, C. J.—This is a motion for an order directing the clerk of the superior court to forthwith print a transcript of the record on appeal from the judgment in said cause. The motion is resisted upon the ground that there is no appeal pending. The facts out of which the controversy arises are fully set forth in the case of *Ward* v. *Dunne,* 136 Cal. 19, and upon those facts the motion must be denied. If any judgment has ever been *rendered* against the defendant it was rendered on the 2d of December, 1899. Nothing was done on November 19, 1901, except to direct the entry *nunc pro tunc* of a judgment which the trial court found had been duly rendered at the former date. If this decision was correct the defendant has no appeal from the judgment now pending, because his notice of appeal was not filed within a year after the rendition of judgment. If, on the other hand, the last decision was erroneous, then no judgment has ever been rendered, and the appeal is premature. There is an appeal now pending here from the order of November 19, 1901. The bill of exceptions to that order has been settled and the transcript has been printed and filed. When that appeal is decided it will be determined whether or not a judgment was rendered December 2, 1899. If it was, the case is ended. If it was not, it will be the duty of the superior court to render a judgment, and then, and not till then, will the right to appeal accrue.

Motion denied.

Angellotti, J., Shaw, J., and Van Dyke, J., concurred.