[Crim. No. 322.   First Appellate District.—July 13, 1911.]

## THE PEOPLE, Respondent, v. GEORGE W. DRESSER, Appellant.

CRIMINAL LAW—APPEAL FROM JUDGMENT—MOTION TO DISMISS—WANT OF ENTRY IN MINUTES—INADVERTENCE OF CLERK—CORRECTION.—An appeal from a judgment of conviction in a criminal case will not be dismissed on motion of the attorney general on the ground that the minutes of the court set forth in the transcript do not show affirmatively that any appeal was taken by defendant, where it is claimed and appears probable that the appeal was in fact taken by announcement in open court, as provided in section 1239 of the Penal Code, and that the failure of the clerk to enter the same in the minutes was through inadvertence; the failure to make such entry does not invalidate the appeal under section 1241 of that code, but an opportunity will be given to have the minutes corrected in the trial court and a copy of the corrected minutes transmitted to this court.

ID.—NECESSITY OF CORRECTION OF RECORD — PRACTICE.—The record should show that the appeal from the judgment was properly taken; and when it is discovered that the clerk has failed to make the proper entry thereof in his minutes, the party aggrieved may and should apply to the trial court, upon due notice to the other party, for an order to require the clerk to correct and amend his minutes, in accordance with the fact.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   Frank H. Dunne, Judge.

The facts are stated in the opinion of the court.

Philip C. Boardman, and Joseph L. Taaffe, for Appellant.

U. S. Webb, Attorney General, for Respondent.

HALL, J.—This case was upon the calendar for argument on May 8th last, and the only brief on file at that time being the opening brief of appellant, an order was made allowing respondent fifteen days to file its brief and appellant fifteen days to reply.

The attorney general subsequently filed, on behalf of respondent, a brief in which he asks that the appeal be dismissed and the judgment affirmed, because the record fails

to show that an appeal has ever been taken by defendant to this court.

The statute allows a defendant to appeal from a final judgment of conviction, from an order denying a motion for a new trial, and from an order made after judgment, affecting the substantial rights of the defendant. (Penal Code, sec. 1237.) The appeal from the judgment and from an order made after judgment must be taken by oral announcement in open court made at the time of the rendition of the judgment or making of the order respectively. (Penal Code, sec. 1239.)

The fact of such announcement "must be by the clerk immediately entered in the minutes of the court. But the failure of the clerk to so enter the same in the minutes shall in no way affect or invalidate the appeal." (Penal Code, sec. 1241.)

Section 1246 (Penal Code) provides that upon the appeal being taken, the clerk must within twenty days transmit to the clerk of the appellate court copies of certain papers, among which are: "A copy of the minutes of the trial" and "A copy of other minutes of the action, including the proceedings on motion for arrest of judgment or new trial."

In accordance with this section the clerk of the trial court did transmit to this court copies of the papers designated, but the minutes of the court nowhere show that the defendant took any appeal.

The minutes of the clerk under date of January 30, 1911, show the rendition of judgment, and after reciting the judgment concludes with the statement that "The defendant was then remanded to the custody of the sheriff," etc., but makes no mention of any appeal or of any announcement in open court of any appeal. If, in fact, the defendant did in open court take an appeal as required by section 1239, Penal Code, the clerk should immediately have made an entry thereof in the minutes, following the statement of the judgment, to the effect, substantially, that the defendant thereupon in open court personally, or through his attorney, orally announced that he appealed from such judgment.

The failure to immediately make such entry does not invalidate such appeal if in fact taken (Penal Code, sec. 1241), but we think the record before us should show that such appeal was taken. The orderly and proper way to do this is by

the copy of the minutes transmitted by the clerk under section 1246, Penal Code.

When it is discovered that the clerk has failed to make the proper entry in his minutes of the taking of the appeal, the party aggrieved may and should apply to the trial court, upon due notice to the other party, for an order to require the clerk to correct and amend his minutes in accordance with the fact.

In this case appellant in his reply brief claims that his appeal was in fact taken, and asks to be allowed to supply the record thereof. There has been transmitted to this court the record provided for in section 1246, and also the reporter's transcript of the proceedings provided for in sections 1247 and 1247a. It is thus apparent that there is a strong probability that the appeal was in fact taken, but that the clerk inadvertently failed to make the proper entry thereof in his minutes. It was never intended that a defendant should lose his right to be heard on his appeal through such neglect of the clerk (Penal Code, sec. 1241). Under the circumstances of this case, we think that justice requires that appellant be allowed an opportunity to apply to the trial court for a correction of the minutes of such court. If such correction be obtained, he may, upon suggestion of diminution of the record, upon motion duly made, supply this court with the proper record of his appeal. In order that appellant may take the necessary steps to perfect his record, we think the submission in this case should be set aside and vacated, and the cause placed upon the next calendar of this court for oral argument, and it is so ordered.

Lennon, P. J., and Kerrigan, J., concurred.