[Crim. No. 322. First Appellate District.—August 24, 1911.]

## THE PEOPLE, Respondent, v. GEORGE W. DRESSER, Appellant.

CRIMINAL LAW—FORGERY—JOINT CHARGE—SEPARATE TRIAL—INCOMPETENT EVIDENCE—STATEMENTS OF CODEFENDANT TO ARRESTING OFFICER—ABSENCE OF DEFENDANT.—Where defendants, jointly charged with the crime of forgery, were separately tried, evidence of statements made by the other defendant to the arresting officer, in the absence of the present defendant, implicating him in the commission of the offense with which he was charged, which were simply narratives of past and completed events made after the completion of the offense, was incompetent and inadmissible as against him.

ID.—STATEMENTS BY ACCOMPLICE OR CO-CONSPIRATOR WHEN INADMISSIBLE.—Statements made by an accomplice or co-conspirator after the completion of the offense, which are narratives concerning the accomplished crime, are not admissible against the defendant on trial unless made in his presence.

ID.—PREJUDICIAL ERROR — REVERSAL REQUIRED.—Since the testimony erroneously admitted tended strongly to prove the defendant appealing guilty of the offense of which he was convicted, the ruling of the court in admitting it over his objection was extremely prejudicial, and requires a reversal of the judgment and a new trial.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. F. H. Dunne, Judge.

The facts are stated in the opinion of the court.

Philip C. Boardman, and Joseph L. Taaffe, for Appellant.

U. S. Webb, Attorney General, for Respondent.

HALL, J.—Upon the first calling of this case the attorney general made the point that the record did not show that any appeal had been taken. Appellant has since filed with this court a certified copy of the minute entry from the clerk's record, showing that the appeal was taken by oral announcement in open court as the law prescribes.

Appellant was jointly charged with one Bjerke with forging and uttering, with knowledge of the forgery, a Wells-Fargo money order. He was separately tried and convicted, and upon judgment being pronounced took an appeal from the judgment to this court.

The principal point urged for a reversal is based upon the action of the court in permitting the prosecution to prove, by the officer who arrested the appellant's codefendant, Bjerke, certain statements made to the officer by said Bjerke, tending to implicate defendant in the commission of the offense with which he was charged. These statements by Bjerke were not made in the presence of the defendant on trial. They were made after the completion of the offense for which appellant was being tried, and were in no wise made in furtherance of any common design or in or about the forgery or uttering of any writing whatever. The statements in question were simply narratives of past and completed events, and not being made in the presence of the defendant upon trial, were clearly inadmissible as against him.

Nothing is better established than that statements made by an accomplice or co-conspirator, after the completion of the offense, and which are simply narratives of the events concerning the accomplished crime, are not admissible against the defendant on trial unless made in his presence. (*People* v. *Moore,* 45 Cal. 19; *People* v. *Stanley,* 47 Cal. 113, [17 Am. Rep. 401]; *People* v. *Aleck,* 61 Cal. 136; *People* v. *Gonzales,* 71 Cal. 571, [12 Pac. 783].)

The testimony thus erroneously admitted tended strongly to prove appellant guilty of the offense of which he was convicted. The ruling of the court in admitting it over the

objection of appellant was thus extremely prejudicial to him, and compels the overruling of the judgment.

We find no other error in the record.

The judgment is reversed and the cause remanded for a new trial.

Kerrigan, J., and Lennon, P. J., concurred.