[Crim. No. 3688. In Bank.—November 21, 1933.]

THE PEOPLE, Respondent, v. C. K. LEWIS et al., Appellants.

John T. Mulligan and Robert H. Patton for Appellants.

U. S. Webb, Attorney-General, and Alberta Belford and John L. Flynn, Deputies Attorney-General, for Respondent.

SEAWELL, J.—The motion of respondent to dismiss the appeal of defendant C. K. Lewis is before this court upon hearing granted after decision by the Appellate Court, Sec-

ond District, Division One, denying said motion. We are of the view that said appeal must be dismissed.

Defendants C. K. Lewis and A. B. Crist were jointly tried and convicted in the Superior Court of Los Angeles County of burglary and conspiracy to commit burglary. Judgments against them were rendered on December 1, 1932. On January 3, 1933, respondent filed notice of motion in the Appellate Court to dismiss the appeal taken by Lewis from said judgment. It appeared from the record on appeal as it then stood that neither defendant gave oral notice of appeal upon the pronouncement of judgment; that defendant Crist filed written notice of appeal on December 2, 1932, but that defendant Lewis did not file notice until December 5, 1932, which was beyond the two-day period after judgment prescribed by section 1239, Penal Code. The hearing on the motion to dismiss was continued from time to time at the request of Lewis, according to respondent. On April 22, 1933, said appellant filed notice of motion for diminution of the record, which was unopposed by respondent. Thereafter the Appellate Court granted the motion for diminution and refused to dismiss the appeal of Lewis.

In the affidavit of Lewis' attorney in support of the motion for diminution he averred that Lewis' name was "improperly omitted" from the notice of appeal filed in the superior court on December 2, 1932, and that on March 23, 1933, said court made its order "reforming said notice of appeal by inserting therein the name C. K. Lewis". He presented for filing a supplement to clerk's transcript containing said order of March 23, 1933, and also an "amended" notice of appeal. The order is entitled "Order Reforming Notice of Appeal", and is as follows: "Good cause appearing therefor, it is hereby ordered that the clerk of this Court insert the words C. K. Lewis in that Notice of Appeal herein filed on December 2, 1932, after the words A. B. Crist where the same appear." The notice of appeal as it appears in the supplement to clerk's transcript is as follows:

*and C. K. Lewis*

"Comes now the defendant, A. B. Crist,/ by his Attorneys Robert H. Patton and John Mulligan, and hereby gives notice that he appeals to the District Court of Appeal from

the judgment of conviction herein rendered against the defendant A. B. Crist/ *and C. K. Lewis* and from the order of the Trial court denying the Motion for New Trial· as against defendant A. B. Crist *and C. K. Lewis.*

"ROBERT H. PATTON

"JOHN MULLIGAN by

"ROBT. H. PATTON

"Attorneys for Defendant A. B. Crist.

"Amended by order of Court by inserting the words 'and C. K. Lewis', this 20 day of April, 1933.

"ROY P. CLARK,

"Clerk, Dept. 26."

The words "and C. K. Lewis", as italicized above, indicate the additions made to the Crist notice of appeal as filed on December 2, 1932. It is apparent from the above quotation that on April 20, 1933, the notice of appeal on file in the office of the county clerk of Los Angeles County since December 2, 1932, was ·altered by writing or typing in the name of Lewis, as indicated above, under authorization of the order of March 23, 1933. There is no claim that a mistake had been made in compiling the original record on appeal, as a result of which it did not correctly embody the proceedings had or documents on file (*People* v. *Dresser*, 16 Cal. App. 583 [117 Pac. 688]), or that said record did not contain a true and correct copy of all notices of appeal on file in the lower court when said record was prepared. The proceedings had in the lower court when the order for amendment was made are not before us. Attorney Robert H. Patton signed his own name and that of John Mulligan as attorneys for A. B. Crist on the Crist notice filed on December 2d, while John T. Mulligan alone signed the Lewis notice, filed on December 5th. The only averment in the affidavit in support of the motion for diminution as to the failure of Lewis to join in the Crist notice is that his name was "improperly omitted" from said notice. The affidavit is signed by Patton as attorney for Lewis.

The requirements as to the time for filing notices of appeal are mandatory and jurisdictional in both civil and criminal actions. (*People* v. *Walker*, 132 Cal. 137 [64 Pac. 133]; *People* v. *Payne*, 106 Cal. App. 609 [289 Pac. 909]; *People* v. *Sullivan*, 123 Cal. App. 436 [11 Pac. (2d) 420];

*Lane* v. *Pellissier,* 208 Cal. 590 [283 Pac. 810]; *Lancel* v. *Postlethwaite,* 172 Cal. 326 [156 Pac. 486]; *Estate of Brewer,* 156 Cal. 89 [103 Pac. 486]; *Estate of Turner,* 139 Cal. 85 [72 Pac. 718]; *In re Kandarian,* 187 Cal. 479 [202 Pac. 647]; *Williams* v. *Long,* 130 Cal. 58 [62 Pac. 264, 80 Am. St. Rep. 68]; sec. 1054, Code Civ. Proc.; 8 Cal. Jur. 518; 2 Cal. Jur. 404.) ▇ Not only must the notice of appeal be filed in time, but a defendant who appeals from a judgment of conviction must within five days after giving notice of appeal, file with the clerk and present to the trial court an application stating in general terms the grounds of his appeal and the points upon which he relies, and must designate the portions of the reporter's notes necessary to be transcribed. Where the defendant fails to conform with this rule (Rule II, sec. 7, Rules for the Supreme Court and District Courts of Appeal) the Appellate Court is without jurisdiction to consider his appeal. (*People* v. *Martin,* 127 Cal. App. 93 [15 Pac. (2d) 202]; *People* v. *Rutledge,* 114 Cal. App. 728 [300 Pac. 828]; *People* v. *Schroeder,* 112 Cal. App. 550 [297 Pac. 105]; *People* v. *Riga,* 104 Cal. App. 477 [285 Pac. 1069]; *People* v. *Davis,* 103 Cal. App. 318 [284 Pac. 516].) `

▇ The time for filing notice of appeal cannot be extended by stipulation or other action of the parties to the proceeding, or by order of the court. (See cases cited, *supra.*) The execution and filing of notice of appeal is done by a party or his attorney, and is not an act of the court. Where through inadvertence or mistake of a party or his attorney notice is not filed within the time limited by law, neither the trial court nor appellate court can afford relief thereafter by permitting filing of a tardy notice. ▇ What the trial court cannot do directly it cannot accomplish indirectly by authorizing amendment or alteration of a co-defendant's timely notice of appeal by writing in the name of the defendant who failed to file notice in time. The order of the superior court "reforming" the notice of appeal was rendered two months after the attorney-general had moved the Appellate Court on January 23, 1933, to dismiss the appeal of Lewis. By virtue of the fact that the Lewis notice was not in time, the Appellate Court was without jurisdiction to hear his appeal, and the lower court could not confer jurisdiction on it by amending the

Crist notice *nunc pro tunc* as of December 2, 1932. Although the evidence relied on by Lewis to show that his name was "improperly omitted" is not before us, and the order of March 23, 1933, contains the recital "good cause appearing" for the amendment, Lewis' appeal is not preserved thereby, since under no circumstances was the court authorized to extend the time for filing the notice of appeal. The order of March 23d was void *ab initio*.

The appeal of defendant Lewis is dismissed.

Preston, J., Waste, C. J., Curtis, J., Thompson, J., Shenk, J., and Langdon, J., concurred.