[Crim. No. 1544. Third Appellate District.—February 3, 1937.]

THE PEOPLE, Respondent, v. RAYMOND E. BIRDSELL, Appellant.

Raymond E. Birdsell, *in pro. per.*, for Appellant.

U. S. Webb, Attorney-General, and Wilmer W. Morse, Deputy Attorney-General, for Respondent.

PLUMMER, J.—This cause is before us upon the respondent's motion to dismiss the appellant's appeal from an order of the superior court denying the defendant's petition for a writ of error *coram nobis* and the relief sought to be obtained thereby.

The record before us shows that on the 22d day of January, 1932, an information was filed in the Superior Court of the County of Madera, charging the defendant in two counts with passing fictitious checks. The information also in subsequent counts charged the defendant with having been previously convicted of three crimes of forgery, giving the dates

thereof. These allegations are contained in counts three, four and five. Upon arraignment the defendant pleaded guilty to counts one and two, charging him with passing certain fictitious checks, and after some conversation relative to the charges contained in counts three, four and five, entered a plea of guilty as to each of said counts. Thereafter the court pronounced judgment adjudging the defendant an habitual criminal and sentencing him to the state prison for life without right of parole.

On the 14th day of October, 1936, the defendant filed a petition in the Superior Court of Madera County praying for a writ of error *coram nobis,* setting forth, among other things, that he was induced to enter a plea of guilty as to counts three, four and five contained in the information by reason of certain statements of the presiding judge of the court.

The petition prayed for the setting aside of the judgment and the pleas of the defendant preceding the judgment. Upon the hearing of the petition just referred to the court entered its order denying the same. From the order denying the petition just mentioned an appeal has been taken by the defendant to this court, and the matter is now before us upon the motion of the respondent to dismiss the appeal on the ground that the notice of appeal failed to comply with the provisions of section 1239 of the Penal Code, in that it was filed prematurely, or before the making and entry of the order of the superior court denying the appellant's petition for a writ of error *coram nobis.*

The record before us shows that the position taken by the People is correct. It appears that the appellant's petition and a notice of appeal were sent by him to the clerk of the Superior Court of Madera County, and both filed at the same time; that no notice in open court was given of an appeal at the time the court denied appellant's motion, nor was any notice of appeal thereafter filed, either within two days or at any time after the entry of the order denying the appellant's motion.

It has been held several times that a notice of appeal given prior to the rendition of judgment, is premature and without effect. We need only cite the following cases: *People* v. *Wilson,* 7 Cal. App. (2d) 543 [46 Pac. (2d) 229], *People* v. *Ward,* 138 Cal. 684 [72 Pac. 343], *Frey* v. *Superior Court,* 5 Cal.

App. (2d) 534 [43 Pac. (2d) 342], and *People* v. *Lewis,* 219 Cal. 410 [27 Pac. (2d) 73]. Practically the same question as here presented was passed upon in the case of *People* v. *Moore,* 9 Cal. App. (2d) 251 [49 Pac. (2d) 615]. In view of these cases, which hold that the provisions of section 1239 of the Penal Code are mandatory, the motion of the respondent appears to be well founded.

The proceeding before us, as shown by the record, has primarily for its purpose the untying of the hands of the board of prison terms and paroles as to that part of the judgment pronounced upon the defendant sentencing him to state prison for life without right of parole; and in view of the fact, further, that the record shows the appellant was not represented by an attorney, and was without advice of counsel; and in view of the further fact that the record shows it is questionable whether the information sufficiently complies with section 644 of the Penal Code laying the basis for the life sentence pronounced upon the defendant, we deem it no more than justice to the defendant and appellant in this cause to call attention to the cases of *People* v. *Stroff,* 134 Cal. App. 670 [26 Pac. (2d) 315], *People* v. *Stratton,* 133 Cal. App. 309 [24 Pac. (2d) 174], and case with the same title reported in 136 Cal. App. 201 [28 Pac. (2d) 695], and the procedure followed in those cases, which may possibly enable the appellant to present to this court questions affecting the legality of the judgment pronounced against him which we are unable here to consider and pass upon.

The appeal is dismissed.

Thompson, J., and Pullen, P. J., concurred.