[Crim. No. 3102. Second Appellate District, Division Two.—June 3, 1938.]

THE PEOPLE, Respondent, v. JUAN RAMIREZ, Appellant.

Jesse Bach Porter for Appellant.

U. S. Webb, Attorney-General, and Frank Richards, Deputy Attorney-General, for Respondent.

McCOMB, J.—There are presented for determination:
(1) A motion by the appellant denominated "Order to Furnish and Certify the Whole Record";

(2) A motion by respondent to dismiss the appeal on the ground that appellant failed to file with the clerk within five days after giving notice of appeal and present to the trial court an application stating in general terms the grounds of the appeal and the points upon which appellant relies, and designating the portions of the phonographic reporter's notes necessary to be transcribed to fairly present the points he desires to urge on appeal as required by section 7, rule II, Rules for the Supreme Court and District Courts of Appeal (213 Cal. xxxix).

The record discloses that March 10, 1938, appellant gave notice of appeal from a judgment pronouncing him guilty of murder in the first degree and from an order denying his motion for a new trial. No application stating in general terms the grounds of the appeal and the points upon which appellant relies, and designating the portions of the phonographic reporter's notes necessary to be transcribed was filed until March 16th, six days subsequent to the notice of appeal.

These are the questions presented for determination:

*First: Does this court have authority to order a reporter in the trial court to prepare a transcript of all the proceedings in said court and furnish a copy thereof to appellant and us?*

*Second: Does a failure to file with the clerk and present an application to the trial court stating in general terms the grounds of the appeal and the points upon which appellant relies, and designating the portions of the phonographic reporter's notes necessary to be transcribed on appeal within the time prescribed in section 7, rule II, supra, i. e., within five days after giving notice of appeal, deprive the appellate court of jurisdiction to hear the appeal?*

The first question must be answered in the negative. There is no statutory provision vesting in this court jurisdiction to order a phonographic reporter who has reported the proceedings in a case pending before the superior court to transcribe his notes and furnish a copy either to appellant or to us. This authority is vested in the superior court. (Sec. 7, rule II, *supra*, 213 Cal. xl.)

A complete and adequate method of obtaining a proper reporter's transcript is provided in the rules of court above mentioned, and any additional procedure is unnecessary.

The second question must be answered in the affirmative. Compliance with the requirements of section 7, rule II,

as above set forth is a jurisdictional prerequisite to the right of appellant to have his case heard by the appellate courts on its merits. The rule is thus stated in *People* v. *Lewis,* 219 Cal. 410, 414 [27 Pac. (2d) 73], by Mr. Justice Seawell:

"Not only must the notice of appeal be filed in time, but a défendant who appeals from a judgment of conviction must within five days after giving notice of appeal *file with the clerk and present to the trial court an application stating in general terms the grounds of his appeal and the points upon which he relies, and must designate the portions of the reporter's notes necessary to be transcribed. Where the defendant fails to conform with this rule (rule II, sec. 7, Rules for the Supreme Court and District Courts of Appeal) the appellate court is without jurisdiction to consider his appeal* (citing cases)." (Italics ours.)

For the foregoing reasons appellant's motion is denied, and since he has failed to comply with the provisions of section 7, rule II, *supra,* respondent's motion is granted and the appeal is dismissed.

Crail, P. J., and Wood, J., concurred.