[Crim. No. 2656. First Dist., Div Two. July 21, 1950.]

THE PEOPLE, Respondent, v. DONALD DAWSON, Appellant.

Donald Dawson, in pro. per., for Appellant.

Fred N. Howser, Attorney General, Clarence A. Linn, Deputy Attorney General, Edmund G. Brown, District Attorney, and Janet Aitken, Assistant District Attorney, for Respondent.

DOOLING, J.—Appellant appeals from an order of the superior court denying his motion to file a notice of appeal *nunc pro tunc*. The time for filing notice of appeal from the judgment of conviction in his case was admittedly long past when the motion was made.

Appellant made a showing that after his conviction and before time for filing notice of appeal had expired he was stricken with an illness which totally incapacitated him from filing notice of appeal in pro. per. and that his attorney failed to file a notice although appellant had discussed such filing with him.

Our Supreme Court has repeatedly held the timely filing of a notice of appeal to be jurisdictional subject to no qualification by reason of hardship. (*People* v. *Behrmann,*

34 Cal.2d 459 [211 P.2d 575]; *People* v. *Slobodion,* 30 Cal.2d 362, 365-366 [181 P.2d 868]; *People* v. *Lewis,* 219 Cal. 410, 413-414 [27 P.2d 73]; *Estate of Hanley,* 23 Cal.2d 120, 122-123 [142 P.2d 423, 149 A.L.R. 1250].) The rule is harsh in its application to a case like the present, but unless the Supreme Court sees fit to relax it we are bound to give it application. In *Estate of Hanley, supra,* 23 Cal.2d at page 123 the court said:

"In the absence of statutory authorization, neither the trial nor appellate courts may extend or shorten the time for appeal (citations), even to relieve against mistake, inadvertence, accident or misfortune (citations)."

This case cannot be brought within *People* v. *Slobodion, supra,* 30 Cal.2d 362, where under the peculiar facts the court found a constructive filing of the notice of appeal. Under the circumstances it appears that appellant should have some avenue for relief in the courts, but the existing decisions make it clear that it cannot be by the late filing of a notice of appeal.

Order affirmed.

Nourse, P. J., and Goodell, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied August 17, 1950. Carter, J., voted for a hearing.