[Crim. No. 2905. First Dist., Div. Two. Sept. 16, 1953.]

THE PEOPLE, Respondent, v. JAMES ANTHONY COX, Appellant.

Norman D. Watson for Appellant.

Edmund G. Brown, Attorney General, and Clarence A. Linn, Assistant Attorney General, for Respondent.

DOOLING, J.—Defendant was convicted of a violation of section 288, Penal Code, and sentence was imposed upon him on October 31, 1952. Oral notice of appeal was thereupon given in open court but no written notice of appeal was filed until December 11, 1952. An affidavit of defendant, which accompanied the written notice of appeal, explains that defendant was informed that an appeal was made by his attorney and thinking the appeal was handled in the correct manner he failed to seek any further information until recently writing to the clerk of the court.

■ ■ The oral notice of appeal was ineffective (*People* v. *Behrmann,* 34 Cal.2d 459 [211 P.2d 575]) and the written notice of appeal, not having been filed within 10 days after judgment, was too late (Rules on Appeal, rule 31). ■ The courts have recognized no excuse for the late filing of a notice of appeal, whatever the hardship or apparent injustice involved. (*People* v. *Lewis,* 219 Cal. 410 [27 P.2d 73]; *People* v. *Dawson,* 98 Cal.App.2d 517 [220 P.2d 587].)

Appellant is represented on this appeal by counsel appointed by this court at his request. He was represented in the trial court by the public defender and his present counsel suggested on oral argument that the failure of the public defender to perfect his appeal brings the case within the rule of *People* v. *Slobodion,* 30 Cal.2d 362 [181 P.2d 868]. In the Slobodion case the written notice of appeal was actually placed in the hands of the prison authorities in ample time for transmission to the county clerk and the court held this to be a constructive filing. Here no written notice of appeal was filed actually or constructively within the time provided by the Rules on Appeal.

Appeal dismissed.

Nourse, P. J., and Goodell, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied October 15, 1953.