[Crim. No. 3040. First Dist., Div. One. Dec. 3, 1954.]

## THE PEOPLE, Respondent, v. THOMAS J. WALSH, Appellant.

Thomas J. Walsh, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant Attorney General, and Victor Griffith, Deputy Attorney General, for Respondent.

WOOD (Fred B.), J.—In January, 1950, Thomas J. Walsh was convicted of robbery and six assaults with a deadly weapon with intent to commit murder. He neither moved for new trial nor did he appeal.

In April, 1954, he filed in the superior court a petition *coram nobis* to vacate the judgment. The petition was denied and he has appealed.

As grounds for vacating the judgment, his petition alleged: (1) Insufficiency of the evidence to support the judgment; (2) prejudicial error of the court in allowing the prosecution to cross-examine the defendant upon matters not testified to upon his examination in chief; (3) deprivation of a

fair and impartial trial by the prosecution withholding a material part of the People's case in chief and using it upon rebuttal under the guise of impeachment; and (4) deprivation of defendant's right to appeal from the judgment, by the appointment of counsel who assured defendant an appeal would be taken but none was taken.

The first three of these grounds would not justify granting the writ applied for because they were known at the time and could have been presented and considered upon motion for a new trial or upon appeal from the judgment. (*People* v. *Buzzie,* 123 Cal.App.2d 915 [267 P.2d 869]; *People* v. *Paysen,* 123 Cal.App. 396, 402-403 [11 P.2d 431].) " 'The office of the writ of *coram nobis* is to bring the attention of the court to, and obtain relief from, errors of fact, such as . . . *a valid defense existing in the facts of the case, but which, without negligence on the part of the defendant,* was not made, either through duress or fraud or *excusable mistake*; these facts not appearing on the face of the record and being such as, if known in season, would have prevented the rendition and entry of the judgment questioned.' [Citations.] It is a general rule that the writ will not be granted for newly discovered evidence going to the merits of the issues tried; issues of fact once adjudicated, even though incorrectly, cannot be reopened except on motion for new trial. [Citations.] And the writ does not lie to correct errors of law; it 'is not intended to authorize any court to review and revise its opinions.' [Citations.]" (*People* v. *Tuthill,* 32 Cal.2d 819, 821-822 [198 P.2d 505].) "In this state a motion to vacate a judgment in the nature of a petition for *coram nobis* is a remedy of narrow scope. [Citations.] Its purpose is to secure relief, where no other remedy exists, from a judgment rendered while there existed some fact which would have prevented its rendition if the trial court had known it and which, through no negligence or fault of the defendant, was not then known to the court. [Citations.] The applicant for the writ 'must show that the facts upon which he relies were not known to him and could not in the exercise of due diligence have been discovered by him at any time substantially earlier than the time of his motion for the writ; otherwise he has stated no ground for relief.' (*People* v. *Shorts* (1948), 32 Cal.2d 502, 513 [197 P.2d 330].)" (*People* v. *Adamson,* 34 Cal.2d 320, 326-327 [210 P.2d 13].)

Nor does defendant's fourth point furnish a basis for

issuance of the writ of *coram nobis*. He alleges that the assistant public defender assured him an appeal would be taken and gave oral notice of appeal but never filed a written notice of appeal. He claims he should not be charged with the neglect of the public defender, a court appointed attorney. This is indistinguishable from the factual situation presented in *People* v. *Cox*, 120 Cal.App.2d 246 [260 P.2d 1050]. There the defendant was represented by the public defender who gave oral notice but no written notice of appeal. Discovering the lack, defendant gave written notice about one month after the expiration of the 10-day period prescribed by the Rules on Appeal. That was too late. Said the reviewing court: "The courts have recognized no excuse for the late filing of a notice of appeal, whatever the hardship or apparent injustice involved. (*People* v. *Lewis*, 219 Cal. 410 [27 P.2d 73]; *People* v. *Dawson*, 98 Cal.App.2d 517 [220 P.2d 587].)" (P. 247.) The facts did not bring the Cox case within the rule of *People* v. *Slobodion*, 30 Cal.2d 362 [181 P.2d 868], because: "In the Slobodion case the written notice of appeal was actually placed in the hands of the prison authorities in ample time for transmission to the county clerk and the court held this to be a constructive filing. Here no written notice of appeal was filed actually or constructively within the time provided by the Rules on Appeal." (P. 247. See also *People* v. *Buzzie, supra,* 123 Cal.App.2d 915, 916-918.)

 Petitioner also claims that he was denied a fair and impartial hearing of his petition in the court below because the trial court denied his application for an order requiring the state prison warden to produce him at the hearing (to enable him to present his case in person) and by allowing the assistant public defender to represent him at that hearing. We find in that no reversible error. The petition and the accompanying memorandum of points and authorities adequately presented defendant's points. It does not appear that oral presentation could have added anything. And, as we have seen, the petition presented no basis for the issuance of the writ sought. It is not conceivable how defendant's presence could have affected the result. Therefore, as held by this court in an opinion written by Mr. Justice Bray in *People* v. *Coyle*, 88 Cal.App.2d 967, 969-970 [200 P.2d 546], we do not consider that the production of the petitioner was " 'reasonably necessary in the interest of justice' " nor "essential to the proper disposition of the case . . .," circumstances requisite to a finding of abuse of discretion for failure

to order the production of a prisoner. (See also *Price* v. *Johnston*, 334 U.S. 266 [68 S.Ct. 1049, 92 L.Ed. 1356] ; *People* v. *Bailey*, 105 Cal.App.2d 150, 153 [232 P.2d 518] ; and *People* v. *Etter*, 110 Cal.App.2d 449, 451-452 [242 P.2d 899].) Defendant inferentially criticizes the assistant public defender for having submitted the petition to the trial court without oral argument. The fact was that at the attorney's request the matter was continued for several days that he might read the petition and memorandum of points and authorities. He then submitted it without oral argument. It does not appear that he could have added anything to petitioner's full and adequate presentation in writing.

The order appealed from is affirmed.

Peters, P. J., and Bray, J., concurred.