[Crim. No. 5367.   Second Dist. Div. Three.   Oct. 13, 1955.]

THE PEOPLE, Respondent, v. CARL E. FIGUIEREDO, Appellant.

Albert L. Linnick, under appointment by the District Court of Appeal, for Appellant.

Edmund G. Brown, Attorney General, and William E. James, Deputy Attorney General, for Respondent.

SHINN, P. J.—Carl E. Figuieredo was found guilty of the crime of robbery of the first degree while armed and

was sentenced to state prison July 8, 1953. He had admitted prior convictions of three felonies for which he had served terms of imprisonment. During the trial which was to a jury he was represented by counsel.

December 28, 1954, there was filed with this court an application by Figuieredo, the purpose of which was to procure an order of court requiring the county clerk of Los Angeles County to file his notice of appeal and to prepare a record on appeal. In making this application he was not represented by counsel. In the written application Figuieredo represented that at the time of sentence, namely, July 8, 1953, ''he filed with the Superior Court of the State of California, at Long Beach, before the Honorable Judge Maltby, a Notice of Appeal.'' It was also stated that on July 16, 1953, he was transferred to the California Institution for Men at Chino, California, and that on that day he ''filed with a Correctional Officer Lieutenant H. M. Comstock, a Notice of Appeal to the Superior Court of the State of California, In the County of Los Angeles''; that due to his unfamiliarity with law he addressed the envelope which contained his notice of appeal from the judgment and order denying motion for new trial ''to the District Attorney's Office, District Attorney T. W. Cochran, County of Los Angeles, 713 Jergins Trust Building, Long Beach, 2, California''; about September 23, 1953, he wrote to the court reporter requesting information pertaining to a notice of appeal ''filed by the defendant on July 8, 1953''; he received an answer from the court reporter stating that the reporter had not ''received any data pertaining to a Notice of appeal''; thereafter he had been trying to the best of his ability to find out why his notice of appeal sent to T. W. Cochran had not been delivered to the county clerk; November 16, 1954, he wrote to Mr. Cochran inquiring concerning the notice of appeal and that Cochran returned the notice of appeal to him on or about December 24, 1954. Attached were copies of the letter to the court reporter, a reply from the county clerk, the letter to Mr. Cochran and the latter's reply, with which reply Cochran returned the notice of appeal which he had previously received from Figuieredo. Upon consideration of the application this court made an order that the county clerk file the notice of appeal which had been mailed by mistake to Mr. Cochran and returned to Figuieredo. In due time the clerk's transcript and reporter's transcript were filed with this court and upon application of Figuieredo, Mr. Albert L. Linnick, member of the Los Angeles Bar Asso-

ciation Committee on Criminal Appeals, was appointed as appellant's counsel. The People have moved to dismiss the appeal and the matter has been argued and submitted.

The clerk's minutes contained in the clerk's transcript of the proceedings had at the time judgment of imprisonment was imposed are silent with respect to the giving of oral notice of appeal by the defendant. The reporter's transcript discloses that at that time defendant's attorney, Mr. Van Tatenhove, stated as follows: "At this time I would like to file a notice that we intend to make an appeal on Count III, as necessary, as far as the record is concerned." The clerk's transcript does not contain any notice of appeal other than one dated July 16, 1953. The allegation of the petition that a notice of appeal was filed on July 8, 1953, would appear to have been based upon the statement made by defendant's counsel at that time but, as we have seen, the allegation is not borne out by the record.

Section 1239 of the Penal Code provides that an appeal by the defendant may be taken in the manner provided in rules adopted by the Judicial Council. The rule, so far as pertinent, reads as set out in the margin.[1]

The statement of defendant's counsel "we intend to make an appeal on Count III" was not sufficient as a notice of appeal, which is required to be in writing, signed by the defendant or his attorney and filed with the clerk. It was merely a statement that an appeal would be taken.

Defendant maintains that the notice mailed to Mr. Cochran must be deemed to have been filed at the time it was received by Mr. Cochran in his capacity of deputy district attorney—that its receipt constituted constructive filing. He relies upon *People* v. *Slobodion,* 30 Cal.2d 362 [181 P.2d 868], as authority for this proposition. In that case Slobodion had deposited an envelope addressed to the county clerk, containing a notice of appeal, with a prison employee who had charge of the mail, informing the employee of the contents and the importance of mailing it promptly; there was ample time for the notice to reach the county clerk within the time allowed for appeal had it been mailed promptly. Mailing was

---

[1] "Appeals in Criminal Cases. . . . Rule 31. Notice of appeal. In the cases provided by law, an appeal may be taken by filing a written notice of appeal with the clerk of the superior court within 10 days after the rendition of the judgment or the making of the order. . . . If the appeal is by the defendant the notice shall be signed by him or by his attorney, and if the appeal is by the People, the notice shall be signed by the district attorney, his deputy, or other counsel for the People. . . ."

delayed and the notice reached the county clerk five days after the time for appeal had expired. The question in the case was stated as follows: "Should appellant—who was incarcerated by the state, who desired to appeal, who took every step he could possibly take to perfect his appeal, who delivered his notice of appeal to the prison authorities well within the statutory period with the request that they mail it but they carelessly and negligently failed to forward the notice so that it would be received by the 'clerk of the superior court' within the time limitation specified by law—be deprived of his right of appeal?" The answer of the court was "Both reason and justice compel a negative answer." (P. 365.) The ground of the decision was that "appellant's delivery of his notice of appeal to the state prison employees for forwarding six days prior to the expiration date for the taking of his appeal constituted a constructive filing within the prescribed time limit and satisfied the jurisdictional requirement as contemplated by law." (Pp. 367-368.) The holding that the delivery of the notice of appeal amounted to a constructive filing was based upon the particular facts of the case. The notice would have been received by the clerk in time had the letter been placed in the mail promptly by the prison employee who accepted it and promised "to take care of it." The prisoner did everything that was in his power to accomplish the filing of his notice of appeal. No such situation existed in the present case. Figuieredo alone was responsible for the failure to cause delivery of the notice of appeal of date July 16 to the county clerk. It was not sent to the deputy district attorney with a request that it be delivered to the county clerk, nor with the expectation that it would be so delivered. We do not have his version of the incident and therefore we are not informed whether he realized that the notice he received was the original which should go to the county clerk and was sent to him through error or believed that it was only a copy sent to him in the belief that service of a copy was necessary. His silence in the matter, in view of his knowledge that Figuieredo was endeavoring to perfect an appeal, would indicate that it was of no interest to him whether Figuieredo was acting under a mistake as to the requirements of the law in forwarding the notice to him instead of to the county clerk. But it was his privilege to be indifferent as to the consequences, since he had no legal duty in the premises.

The reviewing courts have no jurisdiction to entertain

an appeal where notice of appeal is not given within the time prescribed by law (*In re Horowitz*, 33 Cal.2d 534 [203 P.2d 513]), nor can the party be relieved of his default (*People* v. *Lewis*, 219 Cal. 410 [27 P.2d 73]). Since defendant's attempted appeal was not taken in time, it must be dismissed.

The appeal is dismissed.

Wood (Parker), J., and Vallée, J., concurred.