[Civ. No. 21332.   Second Dist., Div. Three.   Dec. 2, 1955.]

JOSE ANGEL MENDEZ, Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondent.

Jose Angel Mendez, in pro. per., for Petitioner.

Edmund G. Brown, Attorney General, and William E. James, Deputy Attorney General, for Respondent.

SHINN, P. J.—Jose Angel Mendez, an inmate of a state prison, seeks a writ of mandate requiring the clerk of the superior court to file a notice of appeal from an order denying his motion to vacate a judgment sentencing him to state prison and to prepare and certify a record on appeal. Petitioner mailed to the clerk a notice of motion together with a written motion to vacate the judgment, enclosing therewith a notice that he "hereby appeals to the District Court of Appeal of the State of California, Second Appellate District, from the ORDER IF the aforementioned Superior Court denies the petition in the above entitled cause.   This Notice of Appeal,

Grounds of Appeal and Application for Clerk's and Reporter's Transcript on Appeals, is to be dated and FILED ONLY in the event that the above entitled cause is denied." The notice was addressed to the court, the county clerk and the district attorney. The motion was duly heard and denied and the minutes say "The Court finds that the purported notice of appeal is premature and does not constitute a notice of appeal."

The question is whether the steps taken were sufficient to cause an appeal to be lodged in this court. We think they were sufficient.

■ Rule 31 of Rules on Appeal in Criminal Cases provides that a notice of appeal be filed within 10 days after the rendition of the judgment or the making of the order. Under ordinary circumstances failure to file a notice within the limited time after rendition of the judgment or making of the order would be fatal to an appeal. ■ But inmates of state prisons encounter difficulties and handicaps which may not be ignored in the decision of our question. As a rule they are not represented by counsel and have prepared their moving papers in the prison in accordance with restrictive prison rules. The law does not require that notice of the court's ruling on a motion be given to the prisoner and it may not be presumed that notice will be given. The prisoner's situation is to be considered with respect to his right to notice; and he has no such right. If the clerk voluntarily sends him a notice it may or may not be received in time for him to prepare and forward a notice of appeal. He may or may not receive the prompt assistance of prison authorities in the forwarding of a notice of appeal. If he relies upon but does not receive voluntary cooperation in these matters he is helpless and without means to prevent the loss of his right of appeal through the expiration of time.

The problem is not a new one. It is a somewhat common practice for prisoners to mail a notice of appeal with their moving papers on motions to vacate judgments or orders. Some trial courts cause the notices of appeal to be filed and treat them as valid; others decline to permit them to be filed for the reason that they have been presented prematurely, and in the latter cases the notices are regarded as if they had been filed too late. The two situations are obviously quite different, since the limitation of time for filing the notice goes to the jurisdiction of a reviewing court to entertain an appeal. Its purpose, of course, is to facilitate the disposition of ap-

peals, and that purpose is defeated when notice is not given in the manner and within the time prescribed by the rules on appeal. (*People* v. *Figuieredo,* 136 Cal.App.2d 171 [288 P.2d 271].) But the purpose is not defeated by treating as valid a notice that is offered for filing conditionally in advance of the ruling. The petitioner here had a right to appeal and he availed himself of a practice that has been prevalent for many years. If that practice is to be condemned and held for naught, petitioner will not be the only one to suffer the loss of his right of appeal. There will be many others whose efforts to appeal will fail for the same reason, even if they make use of the facilities which are available to them. We could not be satisfied to hold prisoners to a procedure that would compel them to rely upon the assistance of others who are under no legal duty to render assistance. A similar situation was before the court in *People* v. *Rameriz,* 137 Cal.App. 472 [30 P.2d 577]. Rameriz confined in state prison, forwarded a written motion to vacate a judgment, accompanying the same with a brief, a motion to be brought into court at the time of hearing, a notice of appeal and a request for a transcript, the notice of appeal containing a statement that it was to be entered only in the event the court denied the motion. The motion was denied and in the reviewing court a motion was made by the attorney general to dismiss the appeal. At that time under section 1239 of the Penal Code an appeal could be taken from an order denying a motion only by announcement made in open court at the time the order was made. The prisoner was not represented by counsel and his application for leave to be brought into court was denied. Of this situation the court, through Presiding Justice Barnard, spoke as follows: "Under such circumstances he filed in advance a written notice of appeal with the request that it be entered in the event his motion was denied. This was the only thing he could do and the only way in which it was possible for him to claim the right to which he was entitled under the statute. Under such circumstances, we think the written notice of appeal filed was such a substantial compliance with the statute as should be considered sufficient." We are in full agreement with this conclusion. When the court made its ruling in the instant case denying petitioner's motion the notice of appeal was in the hands of the clerk. Having been delivered to the clerk for filing it was deemed to have been filed even though the clerk had not, prior to the ruling, endorsed it as having been

filed (*Estate of Sankey*, 199 Cal. 391, 396 [249 P. 517]). The clerk held the notice in his capacity of clerk and filing was not invalidated by the instructions that were given with respect to the time when it was to be deemed filed. Both reason and justice forbid denying validity to notices of appeal given by prisoners through the only facilities available to them. (*People* v. *Slobodion*, 30 Cal.2d 362 [181 P.2d 868].) They are not required to hazard the right of appeal upon the chance that they may have an opportunity to forward a timely notice after learning of the court's action.

Let a writ of mandate issue as prayed.

Wood (Parker), J., and Vallée, J., concurred.

A petition for a rehearing was denied December 27, 1955, and respondent's petition for a hearing by the Supreme Court was denied January 25, 1956.