[Crim. No. 5896.· In Bank.    Dec. 31, 1956.]

THE  PEOPLE,  Respondent,  v.  ROSCOE  R.  RISER,
Appellant.

Walter G. Hancock, Public Defender (Stanislaus County)
and William R. Lundgren, Deputy Public Defender, for Appellant.

Edmund G. Brown, Attorney General, and Doris H. Maier,
Deputy District Attorney, for Respondent.

TRAYNOR, J.—Roscoe R. Riser and his brother Richard
G. Riser were found guilty by a jury of murder in the first
degree.   The jury fixed the punishment at life imprisonment
for Roscoe Riser.   A motion for a new trial was denied, and
on February 24, 1956, judgment was entered on the verdict.
Richard Riser's appeal to this court is automatic under section
1239, subdivision (b), of the Penal Code, but to perfect an appeal defendant Roscoe Riser was required by rule 31 of the
Rules on Appeal to file his notice of appeal "within 10 days

after the rendition of the judgment. . . ." Defendant did not file a notice of appeal until March 30th, considerably beyond the 10-day period. The People have filed a motion that the appeal be dismissed because defendant did not file his notice of appeal within the required time.

In an affidavit the deputy public defender, one of defendant's counsel, gives an explanation of the delay. He states that prior to judgment he discussed with defendant the question of appeal, but they reached no decision; that late in the morning of February 24th, after judgment had been entered, he and the public defender attempted to get in touch with defendant at the county jail only to find that he had already been sent to San Quentin; and that during the succeeding 10 days, they received no communication from him and consequently took no action to perfect an appeal.

Defendant contends that in view of the seriousness of the sentence the appeal should be allowed because of the difficulty of communication between him and his counsel, because the delay in filing was owing to no fault of defendant, and because the points on appeal would be the same as those raised by the automatic appeal of Richard Riser.

In support of this contention, defendant cites *People* v. *Slobodian,* 30 Cal.2d 362 [181 P.2d 868]. In that case we declined to dismiss an appeal where a prisoner had deposited his notice of appeal with prison employees and the lateness of filing was wholly attributable either to the negligence of those employees or to prison routine. The appellant had done all he could to assure timely filing. Recently, in *People* v. *Head,* 46 Cal.2d 886 [299 P.2d 872], we refused to dismiss an appeal where the appellant had relied on the representations of prison officials that his appeal would be taken care of. Thus the state, which establishes the time limit for appeals, may not frustrate those within its control from meeting the requirement, whether by the slowness of prison methods or by the negligence or misleading assurances of its employees.

The mere fact, however, that an appellant is incarcerated during the time for filing is not enough to invoke the Slobodian rule, since it does not point to the state as the cause of delay. In the present case we are told only that after judgment defendant was removed to San Quentin and that communication with him became difficult. There is no showing, however, that communication was attempted, or that if it was, prison routine was a substantial factor in making the appeal late. Nor is it claimed that defendant attempted to

file his notice through prison officials within the 10-day period. ■ The state has no duty to see that every convicted prisoner perfects an appeal, nor is it responsible should the public defender fail to act. (See *People* v. *Walsh,* 129 Cal.App.2d 327, 328-329 [277 P.2d 73] ; *People* v. *Cox,* 120 Cal.App.2d 246 [260 P.2d 1050].)

■ Since defendant cannot show state action that would bring him within the Slobodian or Head cases, he is faced with the established rule that neither the parties nor the court can extend the time set by the Rules. (*People* v. *Behrmann,* 34 Cal.2d 459 [211 P.2d 575] ; *In re Horowitz,* 33 Cal.2d 534, 537 [203 P.2d 513].) Rule 53(b) allows a reviewing court for good cause to relieve a party from a failure to comply with the Rules, ''except the failure to give timely notice of appeal.''

Quite apart from the question (see *People* v. *Aresen,* 91 Cal.App.2d 26, 28-30 [204 P.2d 389] ) whether the language and purpose of the Rules allow relief in extreme cases when it is impossible to file the notice and the appellant is in no way at fault, clearly when there is no showing of a convincing excuse for delay, the appeal must be dismissed. Even before judgment, defendant had considered the taking of an appeal, yet apparently made no efforts after he was moved to San Quentin to file his notice.

The appeal is dismissed.

Gibson, C. J., Carter, J., Schauer, J., Spence, J., and McComb, J., concurred.