[Crim. No. 2694. Third Dist. July 8, 1957.]

THE PEOPLE, Respondent, v. JACK ODELL BURNS, Appellant.

John Henry Paine, under appointment by the District Court of Appeal, for Appellant.

Edmund G. Brown, Attorney General, Doris H. Maier and Lloyd Hinkelman, Deputy Attorneys General, for Respondent.

SCHOTTKY, J.—This is a motion to dismiss the appeal of Jack Odell Burns on the ground that the notice of appeal was premature and therefore this court has no jurisdiction to entertain the appeal.

Defendant was charged with the crime of assault by means of force likely to produce great bodily harm. (Pen. Code, § 245.) He was found guilty of the offense. His counsel made a motion for a new trial which was denied on April 12, 1956. His counsel then made a motion for probation. On April 23, 1956, counsel for defendant filed a notice of appeal dated April 20, 1956, from the "judgment rendered in said action, and from the order denying a new trial in said action, and from all orders denying defendant's right to assert defenses of res adjudicata and/or former jeopardy, and from each thereof, and from the whole thereof." On May 11, 1956, the trial court denied probation and pronounced judgment against defendant. No notice of appeal was filed after the judgment was pronounced.

■ Respondent contends that the notice of appeal was not filed within the time prescribed by rule 31 of the Rules on Appeal, and that the notice is premature and therefore a nullity. Rule 31 reads as follows:

"In the cases provided by law, an appeal may be taken by filing a written notice of appeal with the clerk of the superior court within 10 days after the rendition of the judgment or the making of the order, except that an appeal from an order denying a new trial shall not be taken until after the granting of probation or the rendition of judgment, and except that the 10-day period for appealing from an order denying a new trial shall be extended until 10 days after the making of an order granting probation or the rendition of judgment, whichever shall occur sooner. If the appeal is by the defendant the notice shall be signed by him or by his attorney, and if the appeal is by the People, the notice shall be signed by the district attorney, his deputy, or other counsel for the People. The notice shall be sufficient if it states in substance that the party appeals from a specified judgment or order or a particular part thereof, and shall be liberally construed in favor of its sufficiency."

Since the record shows that the judgment had not been rendered, and also that probation had not been granted at the time that the notice of appeal was filed, it clearly appears that the notice of appeal was not filed within the time prescribed by rule 31.

■ The provisions of rule 31 of the Rules on Appeal have been held controlling as to the time within which such appeals must be taken. (*People* v. *Behrmann,* 34 Cal.2d 459 [211 P.2d 575] ; *In re Horowitz,* 33 Cal.2d 534 [203 P.2d 513] ; *People* v.

*Riser,* 47 Cal.2d 594 [305 P.2d 18] ; *People* v. *Walsh,* 129 Cal. App.2d 327 [277 P.2d 73] ; *People* v. *Cox,* 120 Cal.App.2d 246 [260 P.2d 1050].)

In the case of *People* v. *Riser, supra,* the California Supreme Court stated, at page 595, that though ''the state, which establishes the time limit for appeals, may not frustrate those within its control from meeting the requirement, whether by the slowness of prison methods or by the negligence or misleading assurances of its employees,'' yet ''The state has no duty to see that every convicted prisoner perfects an appeal, nor is it responsible should the public defender fail to act. . . .''

In this matter, the state in no manner has frustrated the defendant's right to appeal. The filing of the notice of appeal was clearly premature. It was an attempt to appeal from a judgment which as yet had not been entered or rendered. Although it also purported to be an appeal from an order denying a new trial, the court had not as yet acted on the motion for probation nor had it rendered judgment. Therefore, under the specific language of rule 31 of the Rules on Appeal, the notice of appeal was premature.

Even prior to the adoption of rule 31 of the Rules on Appeal, a similar holding was arrived at by the court in the case of *People* v. *Wilson,* 7 Cal.App.2d 543 [46 P.2d 229]. There an oral notice of appeal was given at the time the verdict was entered but a written notice of appeal was not timely filed. The court held that the oral notice which would have been proper at the time of the pronouncement of judgment (under the statutes then in force) was ineffective as given prematurely and the written notice too late.

In *People* v. *Birdsell,* 19 Cal.App.2d 107 [64 P.2d 965], this court said at page 108:

''It has been held several times that a notice of appeal given prior to the rendition of judgment, is premature and without effect. We need only cite the following cases: *People* v. *Wilson,* 7 Cal.App.2d 543 [46 P.2d 229], *People* v. *Ward,* 138 Cal. 684 [72 P. 343], *Frey* v. *Superior Court,* 5 Cal.App.2d 534 [43 P.2d 342], and *People* v. *Lewis,* 219 Cal. 410 [27 P.2d 73]. Practically the same question as here presented was passed upon in the case of *People* v. *Moore,* 9 Cal.App.2d 251 [49 P.2d 615]. In view of these cases, which hold that the provisions of section 1239 of the Penal Code are mandatory, the motion of the respondent appears to be well founded.''

The courts have arrived at similar holdings under rule 31 of the Rules on Appeal. (See *People* v. *Dawson,* 98 Cal.App.2d

517 [220 P.2d 587] ; *People* v. *Foley,* 118 Cal.App.2d 291 [257 P.2d 452] ; *People* v. *McBride,* 122 Cal.App.2d 409 [264 P.2d 991] ; *People* v. *Delaney,* 132 Cal.App.2d 838 [283 P.2d 287] ; *People* v. *Figuieredo,* 136 Cal.App.2d 171 [288 P.2d 271].)

Upon the oral argument counsel for appellant argued that rule 31 is not mandatory and referred to rule 2(c) which provides that "A notice of appeal filed prior to entry of the judgment, but after its rendition, shall be valid and shall be deemed to have been filed immediately after entry." However, it is clear that said section 2(c) relates only to civil cases and is inapplicable to criminal cases which are governed solely by rule 31. Unless an appeal is filed in accordance with the provisions of rule 31 this court has no jurisdiction to entertain it. The purported notice of appeal in the instant case having been filed prematurely and no other notice of appeal having been filed, we see no escape from the conclusion that the motion to dismiss the appeal must be granted.

The appeal is dismissed.

Van Dyke, P. J., and Warne, J. pro tem.,* concurred.

Appellant's petition for a hearing by the Supreme Court was denied September 4, 1957. Carter, J., and Schauer, J., were of the opinion that the petition should be granted.

*Assigned by Chairman of Judicial Council.