[Crim. No. 1241. Fourth Dist. Aug. 25, 1958.]

THE PEOPLE, Respondent, v. FRANK NAVARETTE
et al., Appellants.

William A. Hill, under appointment by the District Court of Appeal, for Appellants.

Edmund G. Brown, Attorney General, and Elizabeth Miller, Deputy Attorney General, for Respondent.

MUSSELL, J.—Appellants were charged with violation of section 459 of the Penal Code (burglary in the second degree)

in that on or about January 3, 1958, they entered the building of Chuck's Used Furniture Store, located at 404 East Main Street in the city of Visalia, with intent to commit theft. Trial was had before a jury which found each appellant guilty as charged in the information. Probation was denied as to each appellant and they were sentenced to imprisonment in the state's prison for the term prescribed by law. They appeal from the judgments of conviction, claiming that the evidence is insufficient to support the verdict and judgments.

At about 11 p. m. on January 3, 1958, Oliver Hinkle, proprietor of the Santa Fe Liquor Store, 406 East Main Street in Visalia, while in his store heard "a loud noise, a crash of breaking glass." He stepped out of the door of his store and saw two men turning away from a broken window in Chuck's Used Furniture Store next door. The men were at a distance of not more than 15 feet from Mr. Hinkle and he called "hold it" to them. They stopped and looked around and he recognized the appellants, who had been patrons of his store. Each had a rifle in his hands and after looking at Hinkle, they ran from the scene.

Charles Larsen, proprietor of Chuck's Used Furniture Store, was called to the store and found that a plate glass window had been broken and that two rifles which had been on display in the window were gone. Larsen also observed a 12-inch crescent wrench wrapped in a handkerchief and lying partly in and partly out of the window. At about 11 p. m. on the same night appellants returned to the Hacienda Café in Visalia, where they had been earlier in the evening, and appellant Navarette asked Mr. Gutierrez, the proprietor of the café, if he was interested in buying a gun.

Prior to the trial it was stipulated that appellants and Mr. Hinkle should be given polygraph examinations by an expert supplied by the California State Bureau of Criminal Identification and that this expert might testify in court as to his findings and opinion. Mr. Joseph McVarish, the expert supplied in this connection, testified that in his opinion Mr. Hinkle was honest in his answers to the questions asked and that the responses of appellants were not truthful. Both defendants denied the burglary.

The crime of burglary is committed when any person enters any shop, warehouse or store with intent to commit grand or petit larceny. (Pen. Code, § 459; *People* v. *Morlock*, 46 Cal. 2d 141, 146 [292 P.2d 897].) The fact that burglary was committed is not controverted and the evidence is

amply sufficient to show that fact. The commission of the burglary herein was not witnessed. However, it is well settled that a finding of guilty may be based on circumstantial evidence (*People* v. *Goodall,* 104 Cal.App.2d 242, 247 [231 P.2d 119] ; *People* v. *Dickerson,* 131 Cal.App.2d 49, 53 [279 P.2d 991] ), and the evidence herein amply supports the verdict of the jury finding appellants guilty as charged in the information.

██ The record shows that the judgments herein were rendered on Friday, February 28, 1958, and that the notice of appeal of each appellant was filed with the clerk of the Superior Court in Tulare County on Tuesday, March 11, 1958. Rule 31 of the Rules on Appeal provides in part that ''In the cases provided by law, an appeal may be taken by filing a written notice of appeal with the clerk of the superior court within 10 days after the rendition of the judgment or the making of the order, . . .'' This time limitation has been held to be jurisdictional and in the event of a failure to file a timely notice of appeal, the appeal must be dismissed. (*People* v. *Behrmann,* 34 Cal.2d 459, 461 [211 P.2d 575] ; *In re Horowitz,* 33 Cal.2d 534, 537 [203 P.2d 513].) There is no showing in the instant case of a convincing or of any excuse for the delay in filing the necessary notices of appeal and the appeals must, therefore, be dismissed. (*People* v. *Riser,* 47 Cal.2d 594, 596 [305 P.2d 18].)

Appeals dismissed.

Griffin, P. J., concurred.