Filed 7/10/25  In re Greenwood CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re MAXI YVONNE GREENWOOD<br><br>on Habeas Corpus. | G065611<br><br>(Super. Ct. No. 23HF1973)<br><br>O P I N I O N |

Original proceedings; petition for a writ of habeas corpus to file a request for certificate of probable cause to perfect the appeal.  Petition granted.

Appellate Defenders, and Charles Anderson, for Petitioner.

Rob Bonta, Attorney General, and Arlene A. Sevidal, Acting Assistant Attorney General, for Respondent.

\*          \*          \*

THE COURT:*

Maxi Yvonne Greenwood seeks relief from the failure to file a certificate of probable cause. The petition is granted.

After pleading guilty to the offenses alleged in the information, Greenwood filed a notice of appeal in case No. G064807. This court advised Greenwood it was considering dismissing the appeal on the basis that Greenwood failed to file a certificate of probable cause in compliance with Penal Code section 1237.5 and rule 8.304(b) of the California Rules of Court. (*People v. Johnson* (2009) 47 Cal.4th 668.) Appellate Defenders, Inc. filed a letter on Greenwood's behalf which explained that trial counsel inadvertently filed a notice of appeal using a misdemeanor notice of appeal form. To correct the error, trial counsel attempted to file a second notice of appeal using the correct felony notice of appeal form with a request for a certificate of probable cause. Although the second notice of appeal was timely submitted, it was stamped "received" but not filed by the superior court.

This court treated the letter filed by Appellate Defenders, Inc., in case No. G064807, as a petition for writ of habeas corpus pursuant to *In re Benoit* (1973) 10 Cal.3d 72, seeking an order to compel the superior court to file the second notice of appeal received but not filed on October 17, 2024, and to rule on the request for a certificate of probable cause.

After inviting informal opposition, the Attorney General does not oppose Greenwood's request for relief without the issuance of an order to show cause. (*People v. Romero* (1994) 8 Cal.4th 728.)

Greenwood is entitled to relief in this case for two reasons. First, the principle of constructive filing of the notice of appeal is applied in

---

* Before Moore, Acting P. J., Motoike, J., and Delaney, J.

situations where a criminal defendant has been advised that counsel will file a notice of appeal on his or her behalf, and then counsel fails to do so in accordance with the law. (*In re Benoit, supra,* 10 Cal.3d at pp. 87–88; *In re Chavez* (2003) 30 Cal.4th 643.) This is because an attorney who has advised their client that he or she will file a notice of appeal has a duty to file a timely notice of appeal or advise the client on how to file the notice of appeal in propria persona. In this case, Greenwood's reasonable reliance on trial counsel to correctly file a notice of appeal and request for a certificate of probable cause in compliance with Penal Code section 1237.5 and rule 8.304(b) of the California Rules of Court entitles Greenwood to the relief requested.

Greenwood is also entitled to relief because the second notice of appeal with the request for a certificate of probable cause was timely filed, and "the state, which establishes the time limit for appeals, may not frustrate those within its control from meeting the requirement . . . ." (*People v. Riser* (1956) 47 Cal.2d 594, 595.)

The petition is granted. The clerk of the superior court is ordered to file forthwith the notice of appeal with the request for a certificate of probable cause that was received but not filed on October 17, 2024, and the superior court is ordered to rule on the request no later than 20 days from the date the notice of appeal is filed in that court. (Cal. Rules of Court, rule 8.304(b)(1)(B).)

If the certificate of probable cause is granted, further proceedings, including preparation of the record on appeal, are to be conducted according to the applicable rules of court. (Cal. Rules of Court, rule 8.320(d).)

3

In the interest of justice, the opinion in this matter is deemed final in this court and the clerk of this court is directed to issue the remittitur forthwith.  (Cal. Rules of Court, rule 8.490(b)(2)(A).)