[Crim. No. 4617. Second Dist., Div. One. Mar. 19, 1951.]

THE PEOPLE, Respondent, v. VERNE J. SCHUNKE, Appellant.

Verne J. Schunke, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, and Frank Richards, Deputy Attorney General, for Respondent.

WHITE, P. J.—The People moved to dismiss an appeal taken from the following orders of the Superior Court of Los Angeles County: (1) an order sustaining the People's demurrer to appellant's petition for a writ of mandate; (2) an order denying appellant's application for a writ of habeas corpus; (3) an order denying appellant's petition for a writ of error *coram nobis*. In support of the motion to dismiss the appeal it is urged that the appeal from the first above-mentioned order is ineffectual because mandamus is an independent proceeding; that the appeal from the second order aforesaid is ineffectual because the order denying an application for a writ of habeas corpus is nonappealable; and that the appeal from the order denying appellant's petition for a writ of error *coram nobis* is also ineffectual for the reason that the superior court was without jurisdiction to entertain said petition.

As to appellant's petition for a writ of mandate, the record reveals that such petition was filed "in connection with his writ of error coram nobis and habeas corpus," directed to the District Attorney of Los Angeles County "for a settlement of petitioner's writ that was sent to this honorable court over 90 days ago, and the said officer shall appear before this honorable trial court, and show cause why said order should remain in full force and effect, to allow petitioner his legal and constitutional rights, as guaranteed by the federal constitution and the constitution of the State of California, and all the statutes made pursuant thereto; and to compel the said State Officer of the City and County of Los Angeles to show cause why petitioner was not granted an hearing upon his writ of error coram nobis, habeas corpus, or, a new trial."

In this state, the writ of mandate is an independent proceeding having for its purpose the compulsion of an act which the law specifically enjoins as a duty resulting from an office, trust or station (*Sheehan* v. *Board of Police Commis-*

*sioners,* 188 Cal. 525, 535 [206 P. 70]). ■ It has none of the characteristics or functions of a criminal action, is independent thereof, and cannot, under the facts here present, be considered on an appeal from the order made in the writ of error *coram nobis* proceeding "in connection with which" the petition for a writ of mandate was filed.

Appellant's attempted appeal from the order denying his application for a writ of habeas corpus is equally unavailing for two reasons. ■ Firstly, an appeal by petitioner from an order denying a writ of habeas corpus is not authorized by law (*Loustalot* v. *Superior Court,* 30 Cal.2d 905, 913 [186 P.2d 673]; Pen. Code, § 1506). ■ Secondly, at the time appellant filed his application for a writ of habeas corpus he was confined in the State Prison at Represa, in the county of Sacramento, and it is to the superior court of that county that he was required to present his application for such writ (*People* v. *Dunlop, ante,* pp. 314, 318).

■ Appellant's attempted appeal from the order denying his petition for a writ of error *coram nobis* is equally unavailing.

The record reflects that an information was filed March 7, 1941, in the Superior Court of Los Angeles County charging appellant with robbery and violation of the Deadly Weapons Act with several prior convictions. He was found guilty of robbery of the first degree, not guilty of violation of the Deadly Weapons Act, and was sentenced to the state prison for the term of his natural life. His appeal from the judgment and order denying a new trial was affirmed October 30, 1941. (*People* v. *Schunke,* 47 Cal.App.2d 542 [118 P.2d 314].) *His petition herein for writ of error coram nobis was filed with the County Clerk of Los Angeles County in the month of October, 1950 and denied October 31, 1950.*

Section 1265 of the Penal Code, as amended (Stats. 1949, ch. 1309, § 2, in effect October 1, 1949), restricted appellant to filing his petition for a writ of error *coram nobis* with this court which decided his appeal from the judgment now sought to be vacated. The superior court was without jurisdiction to entertain appellant's petition because this court had exclusive jurisdiction thereof (*People* v. *Dunlop, supra,* p. 318).

The appeal is dismissed.

Drapeau, J., and Hanson, J. pro tem., concurred.

A petition for a rehearing was denied April 2, 1951.