[Crim. No. 4636. Second Dist., Div. One. Apr. 4, 1951.]

THE PEOPLE, Respondent, v. LOUIS D. PONCE,
Appellant.

Louis D. Ponce, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, and Gilbert Harelson, Deputy Attorney General, for Respondent.

WHITE, P. J.—This is a motion by respondent to dismiss an appeal taken from an order of the Superior Court of Los Angeles County denying a petition for writ of error *coram nobis* or in the alternative for a writ of habeas corpus.

The record reflects that appellant was convicted on July 29, 1949, of two counts of robbery in the first degree, and one count of kidnapping for the purpose of robbery; that he admitted two prior convictions of a felony and that he had served terms of imprisonment therefor.

Pursuant to the provisions of section 644, subdivision (a) of the Penal Code, the court adjudged respondent to be an habitual criminal. He was sentenced to the state prison for the term prescribed by law upon the conviction of the foregoing robbery counts, and for the offense of kidnapping for the purpose of robbery he was sentenced to the state prison for the term of his natural life with possibility of parole.

From the foregoing judgments appellant appealed, and on March 2, 1950, the judgments were affirmed by Division Three of this court (*People* v. *Ponce,* 96 Cal.App.2d 327 [215 P.2d 75]).

On January 2, 1951, appellant filed in the Superior Court of Los Angeles County a petition for a writ of error *coram nobis* or alternate writ of habeas corpus, and on January 11, 1951, said writs were denied. On January 12, 1951, appellant filed a notice of appeal in this court from the order of the superior court denying his petition for the foregoing writs.

Section 1265 of the Penal Code provides that after the judgment has been affirmed on appeal no motion shall be made or proceeding in the nature of a petition for writ of error *coram nobis* shall be brought to vacate said judgment except in the court which affirmed the judgment on appeal; and when a judgment is affirmed by a District Court of Appeal and, as in the instant case, a hearing is not granted by the Supreme Court, the application for the writ shall be made to the District Court of Appeal. The superior court was without jurisdiction to entertain appellant's petition for a writ of error *coram nobis* because this court had exclusively jurisdiction. (*People* v. *Dunlop,* 102 C.A.2d 314, 319 [227 P.2d 281]; *People* v. *Schunke,* filed March 19, 1951, 102 Cal.App.2d 875 [228 P.2d 620].)

Appellant's attempted appeal from the order denying that portion of his petition through which he sought a

writ of habeas corpus is also unavailing, for two reasons. █ As stated by this court, in *People* v. *Schunke, supra,* page 877, an appeal by petitioner from the order denying a writ of habeas corpus is not authorized by law (*Loustalot* v. *Superior Court,* 30 Cal.2d 905, 913 [186 P.2d 673]; Pen. Code, § 1506). █ Also, at the time appellant filed his petition for a writ of habeas corpus he was confined in the state prison at Represa, in the county of Sacramento, and it is to the superior court of that county that he was required to present his application for such writ (*People* v. *Dunlop, supra,* p. 319).

For the foregoing reasons, the appeal is dismissed.

Doran, J., and Drapeau, J., concurred.