[Crim. No. 4942. Second Dist., Div. Two. Feb. 13, 1953.]

THE PEOPLE, Respondent v. JOSEPH SICA, Appellant.

Russell E. Parsons for Appellant.

Edmund G. Brown, Attorney General, Frank Richards, Assistant Attorney General, and William E. James, Deputy Attorney General, for Respondent.

FOX, J.—This is a motion to dismiss defendant's appeal. In September, 1951, defendant was convicted in the Superior Court of Los Angeles County, of conspiracy to violate section 337a of the Penal Code and sentenced to the county jail for one year. His appeal from the judgment was affirmed by this court and a hearing was denied by the Supreme Court. In September, 1952, the remittitur affirming the judgment was filed in the superior court. Thereafter defendant filed in the superior court a petition and notice of motion, sup-

ported by affidavits, to vacate and set aside the judgment against him. He appeals from the order denying his motion and petition. The appeal, however, must be dismissed.

Section 1265, Penal Code, so far as here material, provides "that if a judgment has been affirmed on appeal no motion shall be made or proceeding in the nature of a petition for a writ of error coram nobis shall be brought to procure the vacation of said judgment, except in the court which affirmed the judgment on appeal. When a judgment is affirmed by a district court of appeal and a hearing is not granted by the Supreme Court, the application for the writ shall be made to the district court of appeal." There can be no doubt that defendant's petition and motion in the superior court was "brought to procure the vacation of said judgment" against him. The superior court was, therefore, without jurisdiction to entertain defendant's motion and petition because the District Court of Appeal, under the plain language of the code section, had exclusive jurisdiction thereof. (*People* v. *Ponce,* 103 Cal.App.2d 271, 272 [229 P.2d 77] ; *People* v. *Dunlop,* 102 Cal.App.2d 314, 318 [227 P.2d 281] ; *People* v. *Schunke,* 102 Cal.App.2d 875, 877 [228 P.2d 620].)

Defendant challenges the quoted portion of section 1265, Penal Code, as an unconstitutional legislative encroachment on the original jurisdiction of the superior court as provided in article VI, section 5, of the California Constitution. We are satisfied, however, that the amendment is procedural in character and therefore within the constitutional power of the Legislature. (*Ex parte Harker,* 49 Cal. 465, 467; *In re Garner,* 179 Cal. 409, 412 [177 P. 162] ; *Sacramento Etc. D. Dist.* v. *Superior Court,* 196 Cal. 414, 432 [238 P. 687].) "The power of the legislature to regulate criminal and civil proceedings and appeals is undisputed." (*Brydonjack* v. *State Bar,* 208 Cal. 439, 442-443 [281 P. 1018, 66 A.L.R. 1507].)

The amendment does not divest the superior court of any measure of the jurisdiction conferred upon it by the Constitution. A careful reading of article VI, section 5, discloses no intimation that an application in the nature of a writ of error *coram nobis* belongs to that class of proceedings over which original jurisdiction is vested in the superior court.

On the contrary, it has been held in this state that a petition for a writ of error *coram nobis* is regarded, in practical effect, as a motion to vacate a judgment (*People* v. *Butterfield,* 37 Cal.App.2d 140, 143 [99 P.2d 310] ), and is neither a new adversary suit nor an independent action, but simply

a part of the proceedings in the case to which it relates. (*In re Paiva,* 31 Cal.2d 503, 509 [190 P.2d 604].) Far from being of constitutional origin, the "proceeding designated '*coram nobis*' in this state is a court-made proceeding . . ." (*People* v. *Adamson,* 34 Cal.2d 320, 329 [210 P.2d 13].) It was contrived by the courts at an early epoch in the growth of common law procedure to provide a corrective remedy "because of the absence at that time of the right to move for a new trial and the right of appeal from the judgment." (*People* v. *Vernon,* 9 Cal.App.2d 138, 140 [49 P.2d 326].) The gradual development of remedies and forms of relief nonexistent at common law by legislative action designed to rectify judgments based upon a restricted class of error has served to confine within narrow limitations the circumstances under which a trial court may grant motions in the nature of a writ of error *coram nobis.* (*People* v. *Shorts,* 32 Cal.2d 502, 512-513 [197 P.2d 330]; *People* v. *Adamson, supra; People* v. *Reid,* 195 Cal. 249, 258 [232 P. 457, 36 A.L.R. 1435].) It follows that where the action of the Legislature in providing new statutory remedies has been held to abridge or supersede the use of the writ of error *coram nobis* (*People* v. *Mooney,* 178 Cal. 525, 529 [174 P. 325]), the Legislature may introduce further procedural incidents to the availability of the writ (and its contemporary counterpart—the motion to vacate judgment) without in any way trenching on the jurisdiction of the superior court.

The Legislature in its wisdom has decided, in amending Penal Code, section 1265, to require that after a judgment has been affirmed on appeal, the proceeding in the nature of a petition for a writ of error *coram nobis* to vacate the judgment shall be addressed to the court which affirmed the judgment; and when, as in the instant case, a hearing is not granted by the Supreme Court, the application shall be made to the District Court of Appeal. In the light of our previous discussion, it is clear that this section falls within the power of the Legislature to enact reasonable statutes regulating the procedural steps to be taken in exercising the relief afforded by the common law writ of error *coram nobis* and the statutory remedy of a motion to set aside a judgment. Whether the Legislature was animated by a desire to circumvent "the time-consuming practice of making an application in the trial court followed by an appeal from an adverse determination" (see concurring opinion of Mr. Justice Edmonds in *People* v. *Adamson, supra,* p. 338, and footnote thereto), or by some

other cogent consideration we need not here speculate. The achievement of such a purpose is a legitimate legislative objective, and in amending section 1265 to its present form the Legislature has not transgressed into the zone of the jurisdiction allocated to the superior court by the California Constitution.

Defendant further contends that the complained of section is in violation of the due process clause of the Fourteenth Amendment to the Constitution of the United States in that its operation takes from him the right to be heard in the trial court. It is established that as a part of the protection afforded by the due process clause of the Fourteenth Amendment there must be available an effective judicial corrective process "to enable a convicted person, even after appeal and affirmance of a judgment of conviction, to establish that in truth the judgment was procured under circumstances which offend 'the fundamental conceptions of justice which lie at the base of our civil and political institutions.' (Citing cases.) But . . . the necessity for such process does not require that the procedure provided shall encompass, as an absolute right in every case, a further trial on issues of fact . . ." (*People* v. *Shorts*, 32 Cal.2d 502, 506 [197 P.2d 330].) This statement of principle clearly indicates that the legal machinery set up by section 1265 for the application for a writ in the nature of *coram nobis* to vacate a judgment after affirmance on appeal to the court in which the judgment was affirmed is not repugnant to the due process clause.

In order to prevent unwarranted delays in the execution of proper judgments of conviction, other states have long had in effect procedures bearing a similarity to the one here in question. In Alabama and Florida it is required that after the affirmance of a judgment of conviction, the defendant seeking to set it aside shall obtain permission to file the petition for the writ of error *coram nobis* in the trial court from the appellate court which affirmed the judgment. In a case originating in Florida, where this procedure was attacked, as here, as a violation of due process, the Supreme Court of the United States, in finding sufficient compliance with the due process clause, declared: "Each state may decide for itself whether, after guilt has been determined by the ordinary processes of trial and affirmed on appeal, a later challenge to its essential justice must come in the first instance, or even in the last instance, before a bench of judges

rather than before a jury." (*Hysler* v. *Florida,* 315 U.S. 411, 417 [62 S.Ct. 688, 86 L.Ed. 932].)

In a subsequent case arising under the Alabama procedure, the United States Supreme Court, in *Taylor* v. *Alabama,* 335 U.S. 252 [68 S.Ct. 1415, 92 L.Ed. 1935], again had occasion to express itself on this same subject. It was there said: "The question in this case is whether the State of Alabama deprived the petitioner of due process of law under the Fourteenth Amendment to the Constitution of the United States when the Supreme Court of that State denied him permission to file a petition for writ of error coram nobis in the Circuit Court of Mobile County, Alabama. We hold it did not. . . . We hold further that the procedure of that State is in accordance with long-established common law practice and constitutes due process of law under the Fourteenth Amendment in requiring that the permission of the Supreme Court of Alabama be received by petitioner before filing such a petition for writ of error coram nobis, in a trial court of Alabama, if it appears that the trial court's judgment already has been affirmed by such Supreme Court . . . [T]he writ of error coram nobis brings the error of fact directly before the trial court. However, when the judgment of the trial court has already been affirmed by the judgment of a superior court, then the trial court is bound by the mandate of that superior court. Under those circumstances, it is appropriate to require a petitioner to secure, from that superior court, permission to file his petition for writ of error coram nobis in the trial court where he seeks an order setting aside the judgment already affirmed by the superior court." (335 U. S. 252, 259-261.)

The cogency of this reasoning in passing upon a process so closely analogous to the procedural pattern created in Penal Code, section 1265, makes it abundantly clear that there is no contravention of the Fourteenth Amendment and that defendant is not deprived of any essential attribute of due process.

The appeal is dismissed.

Moore, P. J., and McComb, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied March 12, 1953.