[Crim. No. 4804. Second Dist., Div. Two. Dec. 21, 1953.]

In re MORRIS LEVINE, on Coram Nobis.

Morris Levine, in pro. per., and Al Matthews for Petitioner.

Edmund G. Brown, Attorney General, and Michael J. Clemens, Deputy Attorney General, for Respondent.

MOORE, P. J.—Petitioner was convicted in Los Angeles County in October, 1951, of a felony, to wit, violation of the Health and Safety Code, section 11715. The crime was com-

mitted in June, 1945, but prosecution was not barred by reason of defendant's extended absence from the state at the times alleged. Defendant (petitioner herein) appealed after he had been duly sentenced to prison. The judgment of conviction was affirmed by this court on December 9, 1952. On March 1, 1953, he filed here his petition for writ of error *coram nobis* which alleges that his imprisonment is in violation of the Fourteenth Amendment to the federal Constitution, and article I, section 13 of the California Constitution; that he was denied due process of law and a hearing on the merits in that the prosecution conspired "with defendant's attorney by the use of fraud, collusion and chicanery, trickery, deceit and what not, to make petitioner change his plea of not guilty to guilty, against his free will"; that he backs his contention with documentary proofs and affidavits.

Upon the filing of such petition, it was referred to The Honorable Thomas J. Cunningham, judge of the Superior Court of Los Angeles County, to determine whether petitioner was denied (1) due process of law by the trial court at the time of his conviction, (2) a hearing on the merits by reason of fraud, collusion, trickery and deceit participated in by the trial judge, the deputy district attorney and defendant's own counsel who represented him at the time of his conviction. The order appointing Judge Cunningham as referee directed him to hear and consider all material and relevant evidence offered by defendant or by the People with respect to the issue presented by the petition, to the end that this court can determine whether or not a writ should be issued as prayed for and to make findings upon such issues and to return them to this court.

On June 12, 1953, the petition came on for hearing before such referee. The People were represented by Michael J. Clemens, Deputy Attorney General, and petitioner by Attorney Leonard P. Baum, Esquire. By stipulation of counsel, the affidavits of three witnesses on behalf of petitioner were admitted. Each of those affidavits set forth that the affiant had witnessed a conversation between defendant and his current attorney who stated to defendant substantially that if he would change his plea to "guilty" he would be given probation. A sister and a brother of petitioner were sworn to testify on behalf of the latter. Each deposed that defendant's attorney, in the presence of affiant, had advised defendant to withdraw his plea of "not guilty" and to plead

guilty; that if he did so, he would get probation or a suspended sentence; that he had spoken to the judge whom he personally knew and to a deputy district attorney. But Judge Ambrose who presided at the trial of defendant averred that he, at no time, made an agreement with counsel for defendant to give the latter probation if he would plead guilty to the accusation against him. John C. Galliano, the deputy district attorney who prosecuted defendant, made affidavit to the same effect. Attorney Brody who represented defendant at the trial swore that he at no time made any promise or gave any assurance, directly or by implication, to defendant or to any or all of his brothers or to his sister to the effect that if Morris changed his plea of "not guilty" to a plea of "guilty," the judge would grant him probation or a suspended sentence; that he was convinced of defendant's guilt by the testimony adduced at the preliminary trial and by defendant's failure to provide any explanation of his conduct or to offer any defense; that the plea of the statute of limitation was unavailing as a defense by reason of the fact that Morris had, prior to retaining him as his attorney, admitted to the police that he was absent from California at the times alleged in the pleading subsequently filed; that he advised defendant's sister, Mrs. Harris, of the facts above recited; that the sister stated she had talked with Morris and he had voluntarily acquiesced in the change of plea to guilty; that he never said or implied to defendant that the latter would be granted probation. While Judge Cunningham found that the attorney of defendant told the latter's sister and mother that defendant had no possible defense to the crimes charged against him; that there was a possibility that if defendant entered a plea of guilty to one count the court might dismiss the other counts in the interest of justice, but that it was not true that defendant's attorney promised directly or by implication to defendant or to any witness that if Morris should change his plea from "not guilty" to "guilty," the trial judge would grant him probation or suspend his sentence. The referee found generally in accordance with the testimony of the witnesses for the People and concluded that there was no basis for the contentions made by petitioner. Therefore, in view of section 1265 of the Penal Code (*People* v. *Sica,* 116 Cal.App.2d 59, 61 [253 P.2d 75]) and the orderly procedure of the referee and of his findings of fact upon the issues presented by the pleadings and the testimony in support thereof and against the claims of petitioner, the findings

and conclusion of the referee ought to be adopted as the judgment of this court and the petition should be denied.

The findings of Judge Cunningham were filed with the clerk of this court on June 29, 1953, whereupon petitioner was notified to file his exceptions thereto. Pleading his poverty and his ignorance of the law in such matters, petitioner requested this court to appoint counsel to prepare exceptions to the findings and to serve his interests prior to rendition of judgment. After the Committee of the Los Angeles Bar Association on Criminal Appeals had concluded that the findings were sufficient, the court finally obtained the consent of Attorney Al Matthews, Esquire, to act on behalf of petitioner. But after an examination of the record, Attorney Matthews requested to be relieved of ''further responsibilities in this matter'' for the reason that after ''studying the record, I can find no meritorious basis for the said Exceptions.'' After Matthews' release, petitioner asked for the appointment of other counsel to assist him. But by reason of the completeness of the record and the harmony of the findings with the evidence adopted by the referee, the appointment of other counsel would be an idle act.

No basis exists for the issuance of a writ of error *coram nobis* on behalf of petitioner. His appeal was a legal process to which he was entitled, and he exercised it. He might also have moved for a recall of the remittitur, but having failed to make such motion, his rights will not be extended by reason of his neglect. He was not subjected to duress, was not imposed upon by fraud, was not the victim of mistake—any of which if known to the trial court would have prevented a conviction. No pressure was applied to induce his plea of guilty. Therefore, the issuance of the writ is wholly unjustifiable. (See *People* v. *Knight,* 73 Cal. App.2d 532, 535 [166 P.2d 899].)

It is ordered that the findings and conclusion of the referee herein be and they are approved and adopted and the petition for the writ of error *coram nobis* is denied.

McComb, J., and Fox, J., concurred.

A petition for a rehearing was denied January 6, 1954.