[Crim. No. 5233.  Second Dist., Div. Two.  Nov. 7, 1955.]

THE PEOPLE, Respondent, v. SAMUEL D. COLLINS, Appellant.

*Assigned by Chairman of Judicial Council.

Samuel D. Collins, in pro. per., and William Bronsten, under appointment by District Court of Appeal, for Appellant.

Edmund G. Brown, Attorney General, and William E. James, Deputy Attorney General, for Respondent.

FOX, J.—This is a motion, filed by defendant in propria persona,* which is in the nature of a writ of error *coram nobis* (*People* v. *Smith,* 120 Cal.App.2d 531, 534 [261 P.2d 306].) Defendant seeks to set aside judgments of conviction rendered against him in 1946 (in two separate trials) on three counts of abortion and on one count of homicide growing out of an illegal operation. The judgments and the orders denying his motions for a new trial were affirmed in *People* v. *Emery et al., Defendants, Collins, Appellant,* 79 Cal.App.2d 226 [179 P.2d 843], and *People* v. *Collins,* 80 Cal.App.2d 526 [182 P.2d 585]. A hearing was denied by the Supreme Court in each case.

Defendant seeks to have the judgments set aside on the ground that the evidence admitted against him was "illegally obtained through unlawful and unreasonable search and seizure." He relies on *People* v. *Cahan,* 44 Cal.2d 434 [282 P.2d 905].

Preliminarily it should be pointed out that the circumstances under which a court may grant a motion in the nature of a writ of error *coram nobis* are confined "within narrow limitations." (*People* v. *Sica,* 116 Cal.App.2d 59, 62 [253 P.2d 75].) ▪ As stated in *People* v. *Adamson,* 34 Cal. 2d 320, 326 [210 P.2d 13], "*coram nobis* is a remedy of narrow scope." The writ "is not intended to authorize any court to revise and review its opinions; but only to enable it to recall some adjudication made while some *fact* existed which, if before the court, would have prevented the rendition of the judgment, and which, without any fault or negligence of the party, was not presented to the court." (Emphasis added.) (*People* v. *Gilbert,* 25 Cal.2d 422, 442 [154 P.2d 657]; *People* v. *McCoy,* 115 Cal.App.2d 565, 567 [252 P.2d 371]; *People* v. *Smith, supra.*) Conceding that certain portions of the evidence on which defendant's conviction was based were obtained illegally, it does not follow that his motion to set aside the judgments should be granted. ▪ The

---

* At the request of defendant, this court appointed counsel to represent him in this proceeding.

problem here was simply one relating to the admission of evidence. The asserted error was one for correction on a motion for a new trial or upon appeal. Actually the admissibility of the evidence about which defendant now complains was challenged by him on his appeal (see *People* v. *Collins, supra*) where, at pages 535 and 536 the court said: "We find no merit in the contentions of defendant that the testimony of Lorna Adams, the district attorney's stenographer, who listened in and took notes over the concealed microphone equipment, was improperly admitted into evidence. . . . Nor do we find any prejudicial or reversible error . . . in admitting the defendant's catheters and surgical instruments into evidence." It may not, therefore, be reviewed on a motion to vacate the judgment or for a writ of *coram nobis* for "the writ does not lie to correct errors of law." (*People* v. *Tuthill*, 32 Cal.2d 819, 822 [198 P.2d 505] ; *People* v. *Cook*, 97 Cal.App.2d 284, 285 [217 P.2d 498] ; *People* v. *Martinez*, 88 Cal.App.2d 767, 771 [199 P.2d 375].)

██ The Cahan case, *supra*, announced a new rule in this state that evidence secured by unconstitutional search and seizure was not admissible in a criminal prosecution. It is simply, as the court pointed out (pp. 468-469) "a judicially declared rule of evidence." ██ The admission of evidence against the defendant in his trials in 1946, contrary to the newly stated rule of exclusion in the Cahan case, may not be reviewed in this proceeding for it was no more than an error of law which could have been raised by motion for a new trial or on appeal. (*People* v. *Tuthill, supra*; *People* v. *Mooney*, 178 Cal. 525, 528 [174 P. 325].) This conclusion finds support in the most recent Cahan case—*People* v. *Cahan*, 135 Cal.App.2d 287 [287 P.2d 6]—where the defendant sought unsuccessfully to vacate a judgment against him on the identical grounds here urged.

The motion is denied.

McComb, Acting P. J., and Ashburn, J. pro tem.,* concurred.

---

*Assigned by Chairman of Judicial Council.