[Crim. No. 5500.   Second Dist., Div. One   Nov. 28, 1955.]

THE PEOPLE, Respondent, v. LUIS OLGIN, Appellant.

Luis Olgin, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, and William E. James, Deputy Attorney General, for Respondent.

WHITE, P. J.—Respondent moves to dismiss the appeal herein upon the ground that the notice of appeal was filed too late. Appellant counters with the claim that the particular circumstances shown by the record in this case are such as to preclude dismissal of his appeal.

The following chronology is admittedly correct:

July 13, 1954—An information was filed in the Superior Court of Los Angeles County wherein appellant was charged with a violation of section 11500 of the Health and Safety Code (possession of heroin). Said information also charged five prior felony convictions for which appellant served terms of imprisonment in a state prison. All prior convictions were admitted.

October 25, 1954—Appellant was adjudged guilty.

November 12, 1954—Judgment was pronounced committing appellant to state prison. No appeal was taken from such judgment.

May 17, 1955—Appellant filed in the superior court a petition for writ of error *coram nobis* and for an order to show cause why the writ should not be granted.

May 18, 1955—The petition was denied.

June 14, 1955—Notice of appeal was filed with the Clerk of the Superior Court from "the judgments and the whole thereof."

Rule 31 of the Rules on Appeal provides that "an appeal (in a criminal case) may be taken by filing a written notice of appeal with the Clerk of the Superior Court within ten days after the rendition of the Judgment." In the instant case the clerk received appellant's notice of appeal on June 14, 1955—"twenty-seven days" rather than "ten days" after rendition of the judgment denying his petition for writ of error *coram nobis*.

In opposition to respondent's motion to dismiss the appeal, appellant, appearing in propria persona, filed an answer reciting that when his original petition was filed in the court below, he attached thereto a notice of appeal requesting the clerk of the superior court to file the same in the event his petition for writ of error *coram nobis* was denied. In this regard the record reflects that when, on May 18th, the appellant's aforesaid petition was called for hearing (he not being present) the court made the following order:

"The petition is denied, and it is directed that the notice of appeal attached to the petition be not filed, it having been sent to the Court prematurely. In other words, notice of appeal was sent before the Court had an opportunity to rule on the situation."

The record further reflects that on May 26, 1955, the clerk of the superior court wrote appellant at Folsom State Prison, Represa, California, advising him of the denial of his petition and that the "purported notice of appeal attached to the petition is not to be filed or considered as a notice of appeal because it is premature." This letter was postmarked as mailed on May 25th, and appellant sets forth in his answer (which is not denied), "That due to censor regulations at said prison the said letter was not received by appellant until the 6th day of June of 1955."

In answer to respondent's contention that appellant "does not claim that he did anything within the ten-day period to perfect his appeal," the latter asserts, "The court will take judicial notice of the calendar that May 25th (the date notice of denial of his petition was mailed), was Wednesday, and that in ordinary mail delivery would not have reached Folsom Prison until Friday, May 28th, 1955, or ten days after the ruling. The Court will also take judicial notice that mail is not delivered direct to the inmate but is censored and in matters or documents containing legal notices is directed to the regularly appointed person in the prison to be inspected before delivery.

"It is to be further noted that Monday, May 30th, 1955 was a legal holiday so that the first possible day the said letter could come to the attention of the proper official was the 31st of May, 1955, or three days after the ten day period had expired, and that in fact appellant did not read the said letter until June 6th at which time he promptly and without delay forwarded an additional notice of appeal. It is to be remembered that until the 6th of June, 1955, appellant had no notice of any kind and further that he relied on the Clerk of the Superior Court to file said notice in accordance with directions.

"How then can the respondent successfully contend that appellant did nothing during the ten day period to perfect his appeal—What else could he have done."

Under the foregoing circumstances it must certainly be said that in all justice and equity appellant should have some avenue for relief in the courts.

We are not unmindful of the holding in *Estate of Hanley,* 23 Cal.2d 120, 123 [142 P.2d 423, 149 A.L.R. 1250], that, "[i]n the absence of statutory authorization, neither the trial nor appellate courts may extend or shorten the time for appeal (citations), even to relieve against mistake, inadvertence, accident or misfortune (citations)," as well as other cases relied upon by respondent. However, these cases present no parallel considerations with the one now engaging our attention. Here, appellant, aware of the "disability," occasioned by his imprisonment, which might prevent him from complying with appeal requirements, attached a notice of appeal to his petition for writ of error *coram nobis* with the request that it be filed in the event of an adverse ruling, and it might well have been filed. Appellant had no notice of such ruling until more than 10 days had expired due to

the fact that the county clerk did not mail him notice thereof until six days after its rendition and prison regulations which delayed delivery thereof to him. Obviously, appellant was powerless to do other than he did until he received notice of the adverse decision, and this, through no fault of his own. We are satisfied that this case comes within the sphere of the philosophy—both legal and moral—enunciated in the case of *People* v. *Slobodian,* 30 Cal.2d 362 [181 P.2d 868], and that for the reasons therein stated, the conduct of appellant herein, under the facts above narrated, constituted a constructive filing within the prescribed time limit and satisfied the jurisdictional requirement as contemplated by law (see *Cochran* v. *State of Kansas,* 316 U.S. 255 [62 S.Ct. 1068, 86 L.Ed. 1453]).

The motion to dismiss the appeal is denied.

Doran, J., and Ashburn, J. pro tem.,* concurred.

A petition for a rehearing was denied December 12, 1955, and respondent's petition for a hearing by the Supreme Court was denied December 28, 1955.

*Assigned by Chairman of Judicial Council.