[Crim. No. 5542. Second Dist., Div. One. Sept. 24, 1956.]

THE PEOPLE, Respondent, v. ABEL TORRES GAMBOA, Appellant.

Abel Torres Gamboa, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, and William E. James, Deputy Attorney General, for Respondent.

FOURT, J.—This is an appeal from an order denying defendant's petition for writ of error *coram nobis.*

This case commenced with a filing of an information by the district attorney of Los Angeles County charging the defendant Gamboa and two other defendants with violation of section 11500 of the Health and Safety Code and alleging that the defendants, on the 8th day of November, 1954, had in their possession a preparation of heroin. A prior felony conviction and service of a term of imprisonment therefor was alleged as to Gamboa, namely, conviction of grand theft. A prior narcotic conviction was charged as to the codefendant Casarez.

The defendants were represented by counsel and were duly arraigned and made a motion under section 995 of the Penal Code, which motion was denied as to Gamboa. A codefendant, Tercero, entered a plea of guilt at such time. Defendants Gamboa and Casarez entered pleas of not guilty and denied the prior convictions alleged. The matter proceeded to trial, the People's case being submitted on the preliminary transcript, and the trial court adjudged each defendant guilty and found the prior convictions true.

Gamboa's application for probation was denied and he was sentenced to the state prison for the term prescribed by law. It was ordered that the sentence run concurrently with any time owing on parole. Judgment was entered March 24, 1955. No appeal was taken from the judgment.

On or about August 22, 1955, there was filed in the superior court a document entitled "Petition for writ of error *coram nobis,* writ of habeas corpus, recall of remittitur and for the order to show cause why the writ or writs should not be granted."

In his petition the defendant Gamboa alleged that he was illegally charged with joint possession of narcotics and that the defendant's constitutional guarantees were violated when the officer entered and searched him and codefendants without a warrant. The petition for writ of error *coram nobis* was denied on August 23, 1955. A purported notice of appeal filed at the same time as the petition was found to be premature and of no force and effect. The clerk was thereupon directed to send a certified copy of the order to Gamboa at the state prison at Represa.

Thereafter, on the 7th day of September, 1955, there was filed with the clerk of the superior court a document entitled "Notice of Appeal." This document bore a postmark at Represa of September 1, 1955. It would appear that the

defendant filed his notice of appeal from the order of denial of his petition at a time beyond the period provided in the Rules on Appeal (rule 31, Rules on Appeal).

Since appellant was confined in the state prison at Represa and since, when his petition was filed in the superior court, appellant attached thereto a notice of appeal requesting the clerk of the superior court to file the same in the event his petition for writ of error *coram nobis* was denied and the court found said notice of appeal to be premature, we are nevertheless disposed to consider the matter on the merits. (*People* v. *Olgin*, 137 Cal.App.2d 286 [290 P.2d 77]; *Mendez* v. *Superior Court*, 137 Cal.App.2d 465, 466, 467 [290 P.2d 270].) While it is true appellant made no showing to excuse the delayed filing, neither did the attorney general move to dismiss the appeal, contenting himself with calling the matter to our attention when he filed his brief in reply to appellant's opening brief. Had a formal motion to dismiss been made, appellant would have had an opportunity to present the reasons for the belated filing of his notice of appeal.

Repeatedly it has been said that the writ of error *coram nobis* is a limited writ aimed at reaching errors of fact outside of the record and is available only where no other remedies exist. The office of the writ is to bring to the attention of the trial court errors of fact, which, without negligence on the part of the defendant, were not presented to the court at the time of trial. (*People* v. *Tuthill*, 32 Cal.2d 819, 821 [198 P.2d 505]; *People* v. *Gennaitte*, 127 Cal.App.2d 544, 548 [274 P.2d 169].)

A writ of error *coram nobis* never issues to correct an error of law or to redress an irregularity occurring at the trial which could be corrected on motion for a new trial or by an appeal. (*People* v. *Martinez*, 88 Cal.App.2d 767, 771 [199 P.2d 375].)

It is very well settled that where the remedy of the motion for a new trial or appeal exists, the writ is not available. And the writ cannot be used to serve the purpose of an appeal when this remedy was lost through failure to invoke it in time, even though such failure occurred without fault or neglect on the part of the one seeking the remedy. (*People* v. *Mooney*, 178 Cal. 525, 529 [174 P. 325]; *People* v. *Pryor*, 87 Cal.App.2d 352, 353 [196 P.2d 948].)

In this instance the appellant did not state a ground entitling him to the issuance of a writ of error *coram nobis* and therefore the appeal is without merit. If the petition be

deemed a petition for habeas corpus, the appellant improperly directed the petition. He could not apply to the court below for "Recall of Remittitur."

 The writ of error *coram nobis* is not the proper vehicle for vindicating constitutional rights. (*People* v. *Adamson,* 34 Cal.2d 320, 327 [210 P.2d 13].)

 The writ of error may not be used to challenge the legality of evidence admitted in the trial court. It has been settled that a charge that evidence was illegally obtained does not support an application for writ of error *coram nobis.* (*People* v. *Collins,* 136 Cal.App.2d 756, 757-758 [289 P.2d 302].)

It is our opinion that the defendant has stated no ground entitling him to a writ of error *coram nobis,* and that the action of the trial court in denying the petition was proper.

The order is affirmed.

White, P. J., and Doran, J., concurred.