[Crim. No. 1518. Fourth Dist. Aug. 5, 1959.]

THE PEOPLE, Respondent, v. ROBERT JAMES
MIDDLEWORTH, Appellant.

Robert James Middleworth, in pro. per., for Appellant.

Stanley Mosk, Attorney General, and William E. James, Assistant Attorney General, for Respondent.

THE COURT.—Defendant was found guilty by a jury of seven counts of an information charging violation of Penal Code, section 476a, issuing checks without sufficient funds. Allegations that he had previously been convicted of felonies were also found by the jury to be true and the jury found against defendant on his plea of "not guilty by reason of insanity." Judgment was pronounced on October 10, 1956, and the defendant was sentenced to terms in the state prison. No appeal was taken from this judgment. More than two years later, about December 16, 1958, the defendant filed in the superior court a document titled "Motion and Application for the Writ of Error Coram Nobis" in which he requested a new trial because of alleged errors in admission of evidence, failure to report arguments and in reading of instructions at his trial. His application was denied by the superior court on December 29, 1958, and from this order defendant appeals.

On March 19, 1959, defendant requested this court to appoint an attorney to represent him on this appeal. Notice to defendant's counsel, who represented him at the trial, was sent informing him of defendant's request to appoint counsel to represent him on appeal and inviting his views as to any possible reversible error in the record. No such error was indicated by him. This court then made an independent examination of the record and determined that it would be of no value to the defendant or helpful to the court to have a counsel appointed. (*People* v. *Hyde,* 51 Cal.2d 152 [331 P.2d 42]; *People* v. *Marsh,* 170 Cal.App.2d 284 [338 P.2d 495].) Appellant was notified that his request for counsel

had been denied and was requested to file an opening brief or make such other showing as he might desire. Defendant subsequently sent several letters to this court in which he attacks the sufficiency of the evidence to support his conviction. He has also furnished us with affidavits from his mother and wife in which they dispute the adequacy of the defense counsel's efforts on defendant's behalf and the sufficiency of the evidence to support his conviction. Nowhere is it contended that these asserted facts were unknown to defendant or his wife and mother at the time of his trial.

■ It has been often stated that the writ of *coram nobis* has a narrow scope and will not lie to correct errors of law made at the trial. *People* v. *Ayala*, 138 Cal.App.2d 243 [291 P.2d 517], ■ "Its purpose is to secure relief, where no other remedy exists, from a judgment rendered while there existed some fact which would have prevented its rendition if the trial court had known it and which, through no negligence or fault of the defendant, was not then known to the court." (*People* v. *Adamson*, 34 Cal.2d 320 [210 P.2d 13].)

■ The applicant must make an affirmative showing of due diligence to discover the facts relied upon and to present his application to the court after discovery of the facts; otherwise he has stated no grounds for relief. (*People* v. *Shorts* (1948), 32 Cal.2d 502, 513 [197 P.2d 330].) ■ Where the facts urged in support of the writ were known to defendant at the time of his trial the writ will not lie. (*People* v. *Schuman* (1950), 98 Cal.App.2d 140 [219 P.2d 36].) ■ Where the remedy of the motion for a new trial or appeal existed and was lost through failure to invoke it in time the writ is not available and cannot be used in place of an appeal. (*People* v. *Mooney*, 178 Cal. 525, 529 [174 P. 325]; *People* v. *Gamboa*, 144 Cal.App.2d 588, 590 [301 P.2d 390].)

■ Tested in the light of these rules defendant's appeal must be denied. The claims that evidence was improperly admitted (although the record reveals that no such objection was made at the trial) and that the evidence was insufficient to support the findings of guilty state no grounds for issuance of the writ. These matters should be raised by appeal. (*People* v. *Parseghian*, 152 Cal.App.2d 1, 3 [312 P.2d 81]; *People* v. *Gamboa, supra.*)

■ Nor can the claim that defendant was denied effective aid of counsel at his trial be raised by *coram nobis* (*People* v. *Ayala, supra*; *People* v. *Martinelli*, 118 Cal.App.2d 94, 98

[257 P.2d 37].) Similarly the alleged errors in the court reporter's failure to record certain portions of the arguments and instructions relate to the regularity of the proceedings at the trial and may be raised on a motion for new trial or on appeal; the writ of error *coram nobis* is not available to review such matters. (*People* v. *Martinez,* 88 Cal.App.2d 767, 771 [199 P.2d 375] ; *People* v. *Gamboa, supra.*)

The errors urged by defendant must inevitably have been known to him at the time of his trial because they concern the trial itself. Defendant attempts to explain his long delay on applying for this writ and his failure to appeal from the judgment of the court by intimating that he was drugged or insane at the time of his trial. The issue of defendant's sanity was decided by the jury after hearing testimony of two qualified psychiatrists who testified that he was sane. Defendant testified on his own behalf and his answers indicate that he was alert and aware of the proceedings being held. The judge who presided at the trial also ruled on the application for the writ of *coram nobis.* Appeals from orders denying petitions for writs of *coram nobis* more supportable than the instant writ have been dismissed as not presenting an appellate objective. (*People* v. *Shorts, supra;* see also *People* v. *Mattson,* 51 Cal.2d 777, 796 [336 P.2d 937] (Footnote 8).)

On July 14, 1959, at the time set for oral argument, respondent made a motion to dismiss the within appeal and the motion was submitted, to be determined with the decision on the merits.

Order affirmed. Motion to dismiss appeal denied.