[Crim. No. 3668.    First Dist., Div. Two.    Nov. 16, 1959.]

THE PEOPLE, Respondent, v. WILLIAM SCOTT
JOHNSON, Appellant.

William Scott Johnson, in pro. per., for Appellant.

Stanley Mosk, Attorney General, Clarence A. Linn, Assistant Attorney General, and Joseph I. Kelly, Deputy Attorney General, for Respondent.

KAUFMAN, P. J.—This is an appeal from an order denying a petition for writ of error *coram nobis*. Appellant, in propria persona, argues that the writ should have been granted because he was denied counsel at the arraignment in the municipal court on February 27, 1957.

Appellant's petition was denied on Friday, February 20, 1959. The notice of appeal was filed on March 5, 1959. Respondent argues that this court has no jurisdiction to hear the instant case, as the notice of appeal here was filed three days beyond the 10-day limit set by rule 31 of the Rules on Appeal. The record indicates that on Friday, February 20th, when the appellant's petition was denied, the appellant was confined in Folsom Prison. Appellant was not represented by counsel at the hearing on the writ. The record does not indicate when appellant was notified of the action taken by the lower court or when he first deposited his notice of appeal with the prison authorities. No motion to dismiss the appeal was filed by the respondent. In view of these facts and the fact that appellant is appearing in propria persona, we will consider the matter on its merits. Notices of appeal are liberally construed to preserve the right of review unless it appears that the respondent has been misled. (*Application of Gonsalves*, 48 Cal.2d 638 [311 P.2d 483]; *People* v. *Sills*, 156 Cal.App.2d 618 [320 P.2d 224]; *People* v. *Head*, 46 Cal.2d 886 [299 P.2d 872]; *People* v. *Gamboa*, 144 Cal.App.2d 588 [301 P.2d 390].)

Appellant's only argument on the merits is that his petition for the writ should have been granted because he was denied counsel at the February 27, 1957, arraignment. *In re James,* 38 Cal.2d 302 [240 P.2d 596], cited by the appellant, is of no relevance here. In that case, the petitioner, accused of murder, was without counsel at the preliminary hearing and was not informed of his right to counsel.

The record here indicates that the appellant and two other persons were arraigned before the Municipal Court of Santa Clara County on February 27, 1957. All were without counsel. The court informed them of their right to the aid of counsel in every stage of the proceedings. No request for counsel was made and the court set the preliminary examination for March 5, 1957. At the preliminary examination, the appellant appeared without counsel, but both sides announced themselves ready and the preliminary examination proceeded. The court found sufficient cause and held the appellant to answer.

On March 8, 1957, appellant was charged by information of a violation of section 211 of the Penal Code. Appellant was arraigned and counsel appointed to represent him. At the trial, appellant was represented by counsel. Appellant did not at that time raise the issue of the denial of the right to counsel at the arraignment in the Municipal Court of Santa Clara County. At the trial, the appellant was found guilty and sentenced. No appeal from the judgment of conviction was taken. Subsequently, on February 4, 1959, appellant filed his petition for writ of error *coram nobis.*

It is clear from the above facts that there is no merit in the appellant's contention. ■ Even if there were, *coram nobis* will not lie to correct an error of law to redress irregularity occurring at the trial that could be corrected pursuant to other remedies. (*People* v. *Sharp,* 157 Cal.App.2d 205 [320 P.2d 589].) In the instant case, the only issue presented is a question of law, whether or not appellant's constitutional right to counsel was violated. ■ *Coram nobis* will lie only for an issue of fact outside the record which was not known to the appellant and could not in the exercise of due diligence have been discovered by him at any time substantially earlier than the time of motion for his writ. (*People* v. *Adamson,* 34 Cal.2d 320 [210 P.2d 13] ; *People* v. *Shorts,* 32 Cal.2d 502 [197 P.2d 330].) ■ In the instant case, the facts were known to the appellant long before he filed his petition for the writ. Almost two years elapsed between the time of appellant's arraignment in the municipal court on February 27, 1957,

and the filing of his petition for a writ on February 4, 1959. Even if the facts were sufficient for the writ, there would be grave doubt whether appellant had met the requirement of "due diligence." (*People* v. *Middleworth,* 172 Cal.App.2d 619 [342 P.2d 348].) █ Although appellant was represented by counsel at the arraignment on March 8, 1957, no motion under section 995 of the Penal Code was made. At the trial, appellant's counsel also did not raise the issue. Thus, it would appear that any defect in any prior proceeding has been waived. (*People* v. *Ryan,* 121 Cal.App.2d 651 [263 P.2d 850]; *In re Berry,* 43 Cal.2d 838 [279 P.2d 18].) █ Furthermore, lack of counsel is not properly raised by a petition for a writ of error *coram nobis.* (*People* v. *Middleworth,* 172 Cal.App.2d 619 [342 P.2d 348]; *People* v. *Sharp,* 157 Cal.App.2d 205 [320 P.2d 589].)

In view of the foregoing, the order denying appellant's petition for the writ must be affirmed.

Order affirmed.

Dooling, J., and Draper, J., concurred.