Filed 7/25/24  P. v. Aston CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>PATRICK DANIEL ASTON,<br><br>    Defendant and Appellant. | D081963<br><br><br>(Super. Ct. Nos.<br> SCD244270, SCD223882) |

APPEAL from an order of the Superior Court of San Diego County, Eugenia A. Eyherabide, Judge.  Reversed and remanded with directions.

Cindi Mishkin, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters and Charles C. Ragland, Assistant Attorneys General, Collette C. Cavalier and James Spradley, Deputy Attorneys General, for Plaintiff and Respondent.

In September 2019, while appellant Patrick Daniel Aston was serving a 23-year eight-month prison sentence for solicitation of murder, among other crimes, the Office of the Secretary for the California Department of Corrections and Rehabilitation (the CDCR) recommended recall of his

sentence and resentencing under former Penal Code[1] section 1170, subdivision (d)(1).  The following month, the trial court summarily denied the recommendation without notifying the public defender's office or holding a hearing.  In 2023, Aston renewed his request for resentencing under the same code section, prompting additional proceedings in the trial court, including the appointment of counsel for Aston.  However, the trial court issued a minute order taking the matter off calendar, reasoning it had denied the CDCR's recommendation in 2019.  Aston appealed from that order, and subsequently asked this court to construe his notice of appeal as being taken from the 2019 denial order.

Between the 2019 denial and the 2023 proceedings in Aston's case, the Legislature passed Assembly Bill No. 1540 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 719, §§ 1-7), which amended former section 1170, subdivision (d)(1) and added former section 1170.03, requiring the trial court to notify a defendant of any resentencing requests, set a status conference within 30 days of receipt of the request, and appoint counsel for the defendant.  Section 1170.03 was later recodified as section 1172.1.  (§ 1172.1, subd. (b)(1).)[2]  The legislation also created "a presumption favoring recall and resentencing of the defendant, which may only be overcome if a court finds the defendant currently poses an unreasonable risk of danger to public safety, as defined in subdivision (c) of Section 1170.18."  (§ 1172.1, subd. (b)(2).)

---

[1]    Undesignated statutory references are to the Penal Code.

[2]    "Assembly Bill No. 1540 (2021-2022 Reg. Sess.) . . . 'moved the recall and resentencing provisions of former section 1170[, subdivision] (d)(1) to new section 1170.03.'  [Citation.]  Section 1170.03 was later recodified without substantive change as section 1172.1."  (*People v. Vaesau* (2023) 94 Cal.App.5th 132, 142.)  We refer to the statute as section 1172.1 throughout this opinion.

We construe the notice of appeal as being taken from the 2019 order and accept the Attorney General's concession that Aston is entitled to additional proceedings in the trial court under section 1172.1. The order is reversed and the matter remanded with directions set forth below.

FACTUAL AND PROCEDURAL BACKGROUND

In 2011, Aston pleaded guilty to four burglaries. In 2013, he pleaded guilty to solicitation of murder. In 2014, the court sentenced him to a stipulated prison term of 23 years eight months on the two cases as follows: for solicitation of murder, the mid-term of six years, doubled to 12 years because of the prior strike under the "Three Strikes" law; consecutive terms of two years eight months for one burglary; 16 months each for the other three burglaries; and five years for a prior serious felony conviction.

In September 2019, the CDCR sent the trial court a letter granting it authority to resentence Aston under section 1172.1. It explained that after Aston's sentence was imposed, the Legislature provided trial courts with discretion "to strike prior serious felony convictions for purposes of enhancement [under section 667, subdivision (a)(1)], or to strike the punishment for the enhancement under this section pursuant to section 1385." It further recommended that "Aston's sentence be recalled and that he be resentenced."

On October 10, 2019, the court summarily denied the recommendation. It directed that a copy of its order be served on the CDCR, the district attorney, the public defender, and Aston. However, the public defender and Aston did not receive the copy.

In February 2023, Aston renewed his motion for resentencing. The trial court did not consider the motion. Instead, in March 2023, it took the matter off calendar because it had "previously ruled on" it in October 2019.

3

Aston appealed from that order. He subsequently requested that this court deem his notice of appeal as constructively filed within the statutory period to appeal from the October 10, 2019 denial order. We issued an order denying the request as unnecessary, construing Aston's notice of appeal from the March 2023 minute order, and to include "any orders or judgments related to it."

The Attorney General in his responsive brief requests that we dismiss this appeal, arguing the superior court's jurisdiction to resentence Aston expired once it issued the October 10, 2019 denial order and, therefore, the 2023 minute order taking the matter off calendar was not appealable. He also argues, "Here, the order was final in 2019, was not appealed, and thus was not subject to the legislative amendments in 2022. Nothing that occurred in 2023 altered that finality."

## DISCUSSION

### I. *Applicable Law*

" ' "It is settled that the right of appeal is statutory and that a judgment or order is not appealable unless expressly made so by statute." ' " (*Teal v. Superior Court* (2014) 60 Cal.4th 595, 598.) "[S]ection 1237, subdivision (b), provides that a defendant may appeal from 'any order made after judgment, affecting the substantial rights of the party.' " (*Ibid*.) Under the common law, trial courts traditionally lost jurisdiction over a criminal matter once execution of the sentence began. (*Dix v. Superior Court* (1991) 53 Cal.3d 442, 455.) The predecessor statute to section 1172.1, in place when the CDCR made its September 2019 recommendation, created a limited exception to this rule. (*Ibid*.) The provision authorized a trial court, "within 120 days of the date of commitment on its own motion, or at any time upon the recommendation of the [CDCR] or the Board of Parole Hearings in the case of

4

state prison inmates . . . [to] recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if he or she had not previously been sentenced, provided the new sentence, if any, is no greater than the initial sentence." (Former § 1170, subd. (d)(1).)

Under the predecessor statute, a defendant had no standing to request resentencing. (*People v. McCallum* (2020) 55 Cal.App.5th 202, 217 [defendant "could not invite the trial court to recall his sentence absent a recommendation by the [CDCR]"].) Further, some Courts of Appeal held that the statute did not require appointment of counsel (*People v. Frazier* (2020) 55 Cal.App.5th 858, 865-868) or a hearing (*McCallum,* at pp. 215-216) after the trial court received a recommendation from the CDCR to recall and resentence an inmate.

Several Courts of Appeal held, however, that due process required the court to provide the parties notice of the CDCR recommendation, and an opportunity to submit relevant evidence. (See, e.g., *People v. Mendez* (2021) 69 Cal.App.5th 347, 355; *People v. Williams* (2021) 65 Cal.App.5th 828, 833-834; *People v. McCallum, supra,* 55 Cal.App.5th at pp. 218-219.) Decisional law also established an inmate could appeal an order denying the CDCR's recommendation for resentencing because such a denial affected his or her substantial rights. (*People v. Frazier, supra,* 55 Cal.App.5th at p. 863, fn. 2; cf. *People v. Loper* (2015) 60 Cal.4th 1155, 1167 [inmate may appeal denial of recommendation for compassionate release under section 1170, subd. (e)].)

Effective January 1, 2022, Assembly Bill No. 1540 clarified the procedural requirements provided by the statute in response to Court of Appeal decisions that limited its application. Under the amended statute, "[t]he court, in recalling and resentencing under this subdivision, [must] apply the sentencing rules of the Judicial Council and apply any changes in

law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (§ 1172.1, subd. (a)(2).) Section 1172.1, subdivision (a)(5), sets forth a list of factors—some permissive and some mandatory—for the court to consider in recalling the defendant's sentence and resentencing.

Further, under the new statute, "[r]esentencing shall not be denied, nor a stipulation rejected, without a hearing where the parties have an opportunity to address the basis for the intended denial or rejection." (§ 1172.1, subd. (a)(9).) Moreover, the trial court must provide notice to the defendant, set a status hearing within 30 days of receiving the CDCR's recommendation, and appoint counsel to represent the defendant. (*Id.*, subd. (b)(1).) The statute includes a presumption favoring recall and resentencing, which may only be overcome if the court finds the defendant currently poses an unreasonable risk of danger to public safety as defined in section 1170.18 subdivision (c). (§ 1172.1, subd. (b)(2).)

## II. *Dismissal Request*

We first consider the Attorney General's request to dismiss Aston's appeal from the March 2023 minute order. The Attorney General argues that once the trial court denied the CDCR's resentencing recommendation on October 10, 2019, it lost jurisdiction to rule on Aston's motion for resentencing. The Attorney General further asserts the minute order is not appealable under section 1237, subdivision (b) as an order made after judgment, affecting Aston's substantial rights. He also argues Aston failed to show that any deficiency in the 2019 proceedings extended the court's jurisdiction to the 2023 minute order.

We agree the trial court's March 2023 minute order taking the matter off calendar is not an appealable order. Once execution of Aston's sentence

6

began after his resentencing in 2014, the court lacked jurisdiction over his case. The court regained jurisdiction when it received the letter from the CDCR recommending it resentence Aston. But after it summarily denied the CDCR's recommendation, its jurisdiction again terminated. (See *People v. Magana* (2021) 63 Cal.App.5th 1120, 1127-1128 [rejecting assertion that letter from the CDCR identifying a technical error in sentence in abstract of judgment constituted a recommendation for resentencing under section 1170, subdivision (d) and dismissing appeal from order correcting sentence].)

III. *Aston's Request for Constructive Filing of Notice of Appeal*

We next revisit our prior order denying Aston's request to deem his notice of appeal as constructively filed within the statutory period to appeal from the October 10, 2019 order denying the CDCR's recommendation. (See *Delmonico v. Laidlaw Waste Systems, Inc.* (1992) 5 Cal.App.4th 81, 83, fn. 1 ["An appellate ruling will not become the 'law of the case' in a pending appeal unless it reflects a decision on the merits considered by a panel of three justices, ultimately acquiesced in by a majority"].) We grant Aston's unopposed request that we deem the notice of appeal as constructively taken from the October 10, 2019 order.

California Rules of Court, rule 8.308(a) requires a notice of appeal be filed within 60 days after judgment has been rendered. (*In re Chavez* (2003) 30 Cal.4th 643, 649.) Despite this requirement, the California Supreme Court has recognized the need for exceptions and developed the doctrine of constructive filing of a late notice of appeal. The doctrine was first established to protect inmates who had done everything in their power to timely appeal, but were thwarted by the actions of prison officials. (See *People v. Slobodion* (1947) 30 Cal.2d 362, 366; *In re Benoit* (1973) 10 Cal.3d 72, 86; see also *People v. Dailey* (1959) 175 Cal.App.2d 101, 104; *People v.*

*Calloway* (1954) 127 Cal.App.2d 504, 506-507.) Subsequent cases recognized the injustice of denying an appeal to a defendant who failed to timely file a notice of appeal only because he or she was "compelled to rely on prison authorities to assist in the preparation and mailing of his [or her] notice" and also extended the doctrine to cases where the untimeliness of the appeal was the result of counsel's negligence. (*In re Benoit,* at p. 86; see also *In re Jordan* (1992) 4 Cal.4th 116, 119 ["The prison-delivery rule ensures that an unrepresented defendant, confined during the period allowed for the filing of an appeal, is accorded an opportunity to comply with the filing requirements fully comparable to that provided to a defendant who is represented by counsel or who is not confined"].)

These decisions reflect the importance of the right to appeal. " 'In California, the right . . . is granted by law to every convicted person; it is one of the most important rights possessed by a convicted defendant, and every legitimate element should be exercised in its favor.' " (*In re Pickett* (1972) 25 Cal.App.3d 1158, 1166.) "This state has a 'strong public policy in favor of hearing appeals on their merits and of not depriving a party of his right to appeal because of technical noncompliance where he is attempting to perfect his appeal in good faith.' " (*Seeley v. Seymour* (1987) 190 Cal.App.3d 844, 853-854.) "[A]ppellate courts have the power to grant relief from default in filing notices of appeal in proper cases. This power is to be liberally construed to protect the right to appeal." (*People v. Ribero* (1971) 4 Cal.3d 55, 65; Cal. Rules of Court, rule 8.821(a)(2) ["The notice of appeal must be liberally construed"].)

Aston was precluded from filing a timely notice of appeal from the October 10, 2019 denial of the CDCR's recommendation to recall the sentence and resentence him because the *court* failed to notify him or his counsel of the

proceedings. Similar to the usual scenario where counsel untimely files or entirely fails to file a notice of appeal, Aston's untimely notice of appeal resulted from an institutional failure on the part of the trial court. Despite the notation in the minute order from the hearing on the CDCR's letter recommending resentencing, which stated, "A copy of: 1) this Minute Order shall be served on Department of Corrections, [District Attorney, Public Defender], and Defendant," a copy of the order was not sent to Aston or the public defender's office. The record makes clear that it was not until 2023 that the public defender's office learned of the denial.

This case is similar to those where failures of prison and court officials resulted in an undue restriction on a defendant's right of reasonable access to the courts. (See *In re Vallery* (1992) 3 Cal.App.4th 1125, 1130 [incarcerated defendant entitled to relief because the court clerk's unawareness of defendant's correct address caused his mail to arrive late or not at all, interfering with his ability to retain counsel and prosecute appeal]; *In re Fierro* (1985) 169 Cal.App.3d 543, 547-548 [incarcerated defendant entitled to relief because the CDCR failed to develop procedures for promptly notifying its own identification bureau of prisoners' changes of address and the court clerk failed to determine his correct address, thus he was not timely notified his appeal was about to be dismissed]; *People v. Hickok* (1949) 92 Cal.App.2d 539, 541 [criminal appeal was mistakenly dismissed after notice of default was sent to wrong attorneys].)

In one such case, *People v. Olgin* (1955) 137 Cal.App.2d 286, 287, 289, the court held that an institutional, clerical error merited application of constructive filing principles. The superior court clerk had delayed in mailing a notice of an order, thus denying the defendant's petition for writ of error corum nobis. The notice did not arrive at the prison until the last day

9

for filing a notice of appeal and the defendant himself did not receive the notice until more than 10 days after the deadline had expired. (*Olgin,* at pp. 288-289.) The defendant promptly filed a notice of appeal and the court held the notice constituted a constructive filing within the prescribed time limit. (*Id.* at p. 289.) The court granted relief, reasoning "[o]bviously, [the defendant] was powerless to do other than he did until he received notice of the adverse decision, and this, through no fault of his own." (*Ibid.*)

Like the defendant in *People v. Olgin, supra,* 137 Cal.App.2d 286, Aston was notified of the order from the resentencing hearing only after the deadline to file a notice of appeal had expired. In 2023, after his appointed trial counsel notified Aston of the decision, they worked promptly to obtain relief and filed a notice of appeal from the 2023 minute order taking the matter off calendar. Put simply, Aston's failure to timely file a notice of appeal resulted from an institutional failure of the court, not any action or inaction on his part. Accordingly, we agree with Aston that his late notice of appeal with respect to the October 10, 2019 order should be construed as constructively filed within the statutory time period. (See *Silverbrand v. County of Los Angeles* (2009) 46 Cal.4th 106, 113-114 ["We long have recognized a 'well-established policy, based upon the remedial character of the right of appeal, of according that right in doubtful cases "when such can be accomplished without doing violence to applicable rules" ' "].)

## IV. *Merits of the Claim*

Having construed the notice of appeal as applying to the trial court's October 10, 2019 order, we reach the merits of Aston's challenge to that order. Aston contends he is entitled to section 1172.1's protections: "Assembly Bill No. 1540 is an ameliorative law which applies retroactively to

cases which are not final under *In re Estrada* (1965) 63 Cal.2d 740 principles." The Attorney General concedes that if we decline to dismiss the appeal entirely, the case should be remanded for resentencing. We accept this concession, which has merit.

The legislative history of Assembly Bill No. 1540, shows that bill "was intended to clarify certain aspects of former section 1170[, subdivision] (d)(1) that the appellate courts had incorrectly interpreted, including that, 'when a sentence is recalled or reopened for any reason, in resentencing the defendant trial courts must apply ["]any changes in law that reduce sentences or provide for judicial discretion." ' " (*People v. McMurray* (2022) 76 Cal.App.5th 1035, 1041.)

"[T]he Legislature repeatedly indicated that Assembly Bill [No.] 1540 was intended to 'make clarifying changes' to former section 1170[, subdivision] (d)(1), including specifying the required procedure and guidelines when the CDCR recommends recall and resentencing. These changes were adopted in 2021, thereby promptly addressing appellate decisions from 2020 that had interpreted the Legislature's intent regarding former section 1170[, subdivision] (d)(1)." (*People v. McMurray, supra*, 76 Cal.App.5th at p. 1041.) Under the amended law, Aston was entitled to notice of the CDCR's recommendation and an opportunity to participate in the court's consideration of the recommendation, including the appointment of counsel and a hearing. Accordingly, "Under the circumstances, the appropriate remedy is to reverse and remand the matter, so that the trial court can consider the CDCR's recommendation to recall and resentence [Aston] under the new and clarified procedure and guidelines of section [1172.1]." (*McMurray,* at p. 1041.) "Given our conclusions, we need not

11

address whether we also must reverse and remand pursuant to *In re Estrada, supra,* 63 Cal.2d 740." (*McMurray,* at p. 1042.)

## DISPOSITION

The October 10, 2019 order declining to recall and resentence Aston is reversed. The matter is remanded with directions that the trial court conduct additional proceedings in accordance with section 1172.1 and exercise its discretion to determine whether to strike the prior serious felony enhancements under sections 667, subdivision (a)(1) and 1385.

O'ROURKE, J.

WE CONCUR:

McCONNELL, P. J.

CASTILLO, J.